Belknap
No. 2000-834

PRUDENCE G. MAGOON

v.

RICHARD J. THOROUGHGOOD

Argued: May 14, 2002
Opinion Issued: July 26, 2002

*Prudence G. Magoon, pro se,* filed no brief.

*Vanacore & Trombly, PLLC,* of Concord (*John G. Vanacore* on the brief and orally), for the respondent.

*Lauren J. Noether,* Belknap County Attorney, on the brief and orally, for the intervenor, the Belknap County Sheriff's Department.

BROCK, C.J. The respondent, Richard J. Thoroughgood, appeals an order of the Superior Court (*Smukler,* J.), denying his request for the return of his firearms confiscated by the intervenor, the Belknap County Sheriff's Department. We reverse.

The petitioner, Prudence G. Magoon, and the respondent were divorced in April 1999. The divorce decree encompassed a permanent stipulation agreed to by the parties. That stipulation included the following provision (restraint provision):

> The Respondent is restrained from interfering with the person or liberty of the Petitioner, from harassing, intimidating or threatening the Petitioner, and from entering the residence or workplace of the Petitioner.

The divorce decree was based upon irreconcilable differences causing the irremediable breakdown of the marriage, and not upon legal fault of either party.

A year later, in April 2000, the petitioner filed a stalking petition against the respondent. The trial court granted the requested relief *ex parte,* and pursuant to the court's order, the Belknap County Sheriff's deputy confiscated approximately seventeen firearms and ammunition in the respondent's possession. *See* RSA 173-B:4 (Supp. 2001). After a final hearing, the court dismissed the petition, finding that, in fact, the petitioner had not been stalked. The respondent, in turn, filed a motion with the court seeking the return of his firearms. *See* RSA 173-B:5, X (Supp. 2001). In July 2000, the court granted the motion, ruling that RSA 173-B:5, X(b) required it to issue an order for the return of the firearms because "the record contain[ed] no information indicating that the defendant [was] 'subject to any state or federal law or court order precluding the ownership or possession of firearms.'"

The Belknap County Sheriff's Office moved to intervene and for the court to reconsider. In November 2000, the trial court granted intervenor status, and reconsidered its ruling. It ruled that 18 U.S.C. § 922(d)(8)(B)(ii)

prohibited the intervenor from returning the weapons because the respondent was subject to a court order, the restraint provision, restraining his behavior in the manner prescribed in the federal statute. The respondent's motion to reconsider was denied, and he appealed.

The respondent argues that the divorce decree restraint provision fails to meet the threshold requirements of section 922(d)(8)(B)(ii), and thus under RSA 173-B:5, X(b), he is not subject to a federal law precluding his ownership or possession of firearms.

RSA 173-B:5, X(b) provides:

> If the court finds that the defendant is *not subject to any state or federal law* or court order *precluding the ownership or possession of firearms,* or if the court denies the plaintiff's request to extend the protective order, the court shall issue a written order directing the law enforcement agency to return the requested firearms, ammunition, or deadly weapon to the defendant.

(Emphasis added.) The trial court order relied exclusively upon section 922(d)(8)(B)(ii) to determine that the respondent was subject to federal law precluding his ownership or possession of firearms, and barred the return of the respondent's firearms. Whether the respondent is subject to any other federal law, a state law, or court order precluding his ownership or possession of firearms is not at issue. Accordingly, we confine our review to section 922(d)(8)(B)(ii).

Under 18 U.S.C. § 922(d)(8)(B)(ii), it is unlawful

> for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person ... is *subject to a court order* that *restrains* such person from harassing, stalking, or threatening an intimate partner of such person ... or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner ... except that *this paragraph shall only apply* to a court order that ... by its terms *explicitly prohibits* the use, attempted use, or threatened use of *physical force* against such intimate partner ... *that would reasonably be expected to cause bodily injury.*

18 U.S.C. § 922(d)(8)(B)(ii) (2000) (emphasis added). Therefore, among other requirements, the respondent must have been subject to a court order that by its terms explicitly prohibited him from using, attempting to use, or threatening to use physical force against the petitioner that would reasonably be expected to cause bodily injury.

We resolve this case by addressing the meaning of the term "explicitly" in the federal statute. Because statutory interpretation is a matter of law, we review the trial court's decision *de novo*. *Fichtner v. Pittsley*, 146 N.H. 512, 514 (2001). We discern legislative intent from the words expressed in the statute, and ascribe to statutory words and phrases their commonly approved usage unless from the statute it appears that a different meaning was intended. *Pheasant Lane Realty Trust v. City of Nashua*, 143 N.H. 140, 142 (1998); *Riva v. Commonwealth of Massachusetts*, 61 F.3d 1003, 1007 (1st Cir. 1995) (federal statutory construction).

The respondent argues that the restraint provision does not explicitly prohibit him from using, attempting to use, or threatening to use physical force involving bodily injury. The intervenor contends that the "explicitly prohibits" requirement is met because the restraint provision, *at a minimum*, prohibits the respondent from using, attempting to use, or threatening to use physical force upon his former wife. We disagree with the intervenor.

The federal statute requires any triggering court order to "explicitly" prohibit the use, attempted use, or threatened use of physical violence involving bodily injury. The term "explicitly," however, is not defined within 18 U.S.C. § 922 and the parties do not point us to any applicable federal statutory definition or relevant case law. Therefore, we ascribe to the term its plain and ordinary meaning, utilizing the dictionary definition for guidance. *Pheasant Lane Realty Trust*, 143 N.H. at 142; *Riva*, 61 F.3d at 1007.

The term "explicit" is commonly understood to mean: "characterized by full clear expression: being without vagueness or ambiguity: leaving nothing implied: unequivocal." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 801 (unabridged ed. 1961). Therefore, in order for a restraining order to trigger 18 U.S.C. § 922(d)(8)(B)(ii), the term "explicitly" requires that the order facially contain specific language concerning physical force involving bodily injury.

The restraint provision in this case, however, only restrains the respondent "from interfering with the person or liberty of the Petitioner, from harassing, intimidating or threatening the Petitioner, and from entering the residence or workplace of the Petitioner." We recognize that the restraint provision *implicitly* precludes the respondent from using, attempting to use or threatening to use physical force involving bodily injury on his former spouse. One must infer, however, a prohibition on physical force involving bodily injury because no such language appears on the face of the restraint provision.

In contrast, a domestic violence final order form utilized by the superior court has a "protective order" option that may be selected by the issuing court which states: "The Defendant shall not use, attempt to use or threaten to use physical force against the Plaintiff or the parties' child(ren) which would reasonably be expected to cause bodily injury." Here, however, the restraint provision, which was agreed to by the parties, is devoid of any reference to physical force, much less to physical force involving bodily injury as required by the federal statute. Because the restraint provision's language requires a reader to infer a prohibition on physical force involving bodily injury, we conclude that the restraint provision is not explicit as required by the federal statute. Accordingly, the divorce decree does not implicate 18 U.S.C. § 922(d)(8)(B)(ii), and the trial court erred as a matter of law when it barred the return of the respondent's firearms.

*Reversed.*

NADEAU, DALIANIS and DUGGAN, JJ., concurred.