Hillsborough-southern judicial district
No. 2001-702

MONAHAN-FORTIN PROPERTIES, LLC

v.

TOWN OF HUDSON

Argued: October 17, 2002
Opinion Issued: December 24, 2002

*Prunier, Leonard & Prolman, P.A.,* of Nashua (*Andrew A. Prolman* on the brief and orally), for the plaintiff.

*Bossie, Kelly, Hodes, Buckley & Wilson, P.A.,* of Manchester (*Stephen C. Buckley* on the brief and orally), for the defendant.

*Kevin P. Chisholm,* of Concord, by brief, for the New Hampshire Municipal Association, as *amicus curiae.*

*Hebert & Uchida, P.L.L.C.,* of Concord (*Donald F. Hebert* on the brief), for the Home Builders & Remodelers Association of New Hampshire, as *amicus curiae.*

BRODERICK, J. The defendant, Town of Hudson (town), appeals from a decision of the Superior Court (*Hampsey,* J.) barring it from applying its growth management ordinance to the plaintiff's condominium project on the basis that the project was also subject to the town's impact fee ordinance. *See* RSA 674:21, V(h) (1996). We reverse.

The record supports the following facts. The plaintiff, Monahan-Fortin Properties, LLC, owns property along the Merrimack River in Hudson for which it sought approval to construct a 101-unit elderly housing condominium project known as Riverwalk. It submitted a site plan application to the town's planning board for acceptance in mid-August 2000.

In the fall of 2000, the town planning board published a growth management ordinance upon which it then conducted public hearings. The first public notice of the proposed ordinance was published on November 3, 2000, and contained an elderly housing exception. A second version of the growth management ordinance, which eliminated the exception, was published on December 22, 2000. The revised ordinance was approved at a town meeting in March 2001.

After several public hearings, the planning board on December 20, 2000, refused to accept the site plan application on the basis that it violated a provision of the town's zoning ordinance. The plaintiff appealed the planning board's rejection of its site plan application to the superior court, *see* RSA 677:15 (Supp. 2002), arguing that the planning board erred in failing to accept the Riverwalk site plan application by December 20. Further, the plaintiff contended that the Riverwalk site plan was not subject to the growth management ordinance because the application was accepted prior to the publishing of the revised version of the growth management ordinance on December 22. In the alternative, the plaintiff argued that the site plan application was not subject to the growth management ordinance because impact fees, fees assessed by a municipality to shift the cost of capital improvements for a development

from the municipality to the developer, would inevitably be assessed. *See* RSA 674:21, V(h).

After a hearing, the trial court ruled that the site plan application, regardless of any potential conflicts with the zoning ordinance, was sufficiently complete and should have been accepted by the planning board on November 29, the date of the second public hearing on the Riverwalk site plan. Although November 29 predated the publishing of the revised growth management ordinance on December 22, the trial court ruled that the Riverwalk project was not exempt from the growth management ordinance on that basis because the relevant date was November 3, the date the original version of the ordinance was published. The trial court concluded, however, that because impact fees would inevitably be assessed or had, in fact, been assessed against the plaintiff, the Riverwalk project was exempt from the growth management ordinance pursuant to RSA 674:21, V(h). The town's motion for reconsideration was denied. The only issue on appeal is whether the town may apply both the growth management ordinance and the impact fee ordinance to the Riverwalk project.

In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute. *Appeal of Estate of Van Lunen*, 145 N.H. 82, 86 (2000). When construing a statute's meaning, we first examine its language, and where possible, we ascribe the plain and ordinary meaning to words used. *Id.* We construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result. *Id.* Unless we find statutory language to be ambiguous, we will not examine legislative history. *Union Leader Corp. v. Fenniman*, 136 N.H. 624, 626 (1993). In construing a statute, we will neither consider what the legislature might have said nor add words that it did not see fit to include. *Appeal of City of Franklin*, 137 N.H. 723, 727-28 (1993).

We review the trial court's interpretation of the statute *de novo. Crowley v. Frazier*, 147 N.H. 387, 389 (2001). RSA 674:21, V(h) states:

> The adoption of a growth management limitation or moratorium by a municipality shall not affect any development with respect to which an impact fee has been paid or assessed as part of the approval for that development.

The meaning of the statutory language is clear. When a developer *has paid* an impact fee or the municipality *has assessed* such a fee as part of the approval for that development, a subsequently adopted growth management ordinance will not apply to the project. The operative language of RSA 674:21, V(h) provides grandfathering protection to a

development from a newly-adopted growth management ordinance only if an impact fee has been paid or assessed prior to the ordinance's enactment. In ruling that the fact that "the [plaintiff] has not paid or been assessed an impact fee is inconsequential," the trial court ignored the verb tense and the conditional nature of the operative words of the statute and thereby changed its meaning and intent. Thus, the trial court's reading of the statute improperly reformed the language to "conform[] to an intention not fairly expressed in it." *Karch v. Baybank FSB*, 147 N.H. 525, 533 (2002) (quotation omitted).

As an alternative basis for its ruling, the trial court found that an impact fee had, in fact, been assessed against the Riverwalk project:

> [A]ccording to official records, the impact fees have already been assessed by the Town of Hudson. The Hudson Planning Board records clearly indicate that an impact fee of $63.00 per unit plus a C.A.P. [Corridor Allocation Program] fee of $267.20 per unit was determined early on in the process. Under the procedure followed by the Town of Hudson, in the course of the application being circulated to the various departments, the impact fees are determined for the particular applicant. The process was followed in the instant case. While it may or may not be appropriate for the impact fees to be reduced by credits at some later point in time, it is clear that the impact fees have been assessed by the Town of Hudson.

The trial court refers to the Preliminary & Final Site Plan Application for Plan Review for Riverwalk, a document prepared by the plaintiff, wherein the impact fee is represented as $63.00 per unit and the C.A.P. fee as $267.20 per unit. We disagree that this constitutes an assessment of an impact fee by the town within the meaning of RSA 674:21, V(h).

The statute does not define the word "assessed" and we need not define it now. Rather, it is sufficient to state both that a preliminary estimate of an impact fee by a municipality does not constitute an assessment within the meaning of the statute, and that a municipality does not assess fees implicitly by merely receiving an application wherein fees are represented. While the town acknowledges that it had preliminarily calculated the amount of the impact fees that were to be charged to the Riverwalk project, they were never finally determined due, in part, to the planning board's rejection of the Riverwalk site plan. Therefore, the trial

court's finding that the town had assessed an impact fee within the meaning of RSA 674:21, V(h) was in error.

*Reversed.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.