Department of Labor
No. 2001-713

APPEAL OF NORTHEAST REHABILITATION HOSPITAL
(New Hampshire Department of Labor)

Argued: November 6, 2002
Opinion Issued: January 24, 2003

*Moquin & Daley, P.A.*, of Manchester (*Joni N. Esperian* on the brief and orally), for the petitioner.

*Sulloway & Hollis, P.L.L.C.*, of Concord (*William D. Pandolph* on the brief and orally), for the respondent.

NADEAU, J. The respondent, Northeast Rehabilitation Hospital, appeals a decision of the New Hampshire Department of Labor (NHDOL) that it violated the Whistleblowers' Protection Act (the Act), *see* RSA ch. 275-E (1999 & Supp. 2002), in its treatment of the petitioner, Linda Thyne. We reverse.

The following facts were either found by the NHDOL hearing officer or are supported by the record before us. The petitioner is a certified occupational therapist assistant (COTA). Since attaining her COTA license, she has worked for a number of entities on a per diem, as needed/as available basis. She was hired by the respondent in 1988 and worked on and off for certain periods until September 2000. In 1996, the petitioner was on the Governor's Occupational Therapy Board, a board providing oversight for occupational therapists.

While on the board, the petitioner was informed by an individual that occupational therapists at one of the respondent's facilities were conducting spinal cord evaluations, a function technically within the expertise of physical therapists. The petitioner reported the information to Thomas Prince, an employee of the respondent who served with her on the board. Prince promised that the matter would be investigated and that Jeffrey Meisner, the clinical manager of the facility, would be reprimanded if necessary.

The petitioner alleged, as summarized by the hearing officer, "that as a result of her complaint ... there was a change in the demeanor of Jeffrey Meisner and others towards her, which ultimately led to her inability to gain promotion and a diminution in her rate of pay." She also alleged that she was precluded from being hired for job openings at the respondent's facilities. The hearing officer found that the petitioner "was actively discriminated against as a result of her communication involving Prince and Meisner in 1996 and ultimately being discriminated against by Meisner and others during the course of her final years of her employment with [the respondent]."

Our standard of review on appeal is governed by RSA 541:13 (1997). *See Appeal of Leonard*, 147 N.H. 590, 594 (2002). "Accordingly, we will reverse the agency only if it made an error of law or if we are satisfied, by a clear

preponderance of the evidence, that the agency's order was unjust or unreasonable." *Id.*

The respondent argues, among other things, that the hearing officer erred in not addressing whether the petitioner's claim should have been dismissed because she was not an employee of the respondent at the time she made her report. The petitioner testified that when she made her report to Prince in August 1996, she was not employed by the respondent, even on a per diem basis. She quit her employment with the respondent in late February or early March of 1996 and was not rehired until October of that year. The petitioner does not dispute that she was not then employed by the respondent, but argues that "[i]t would defeat the overall legislative intent of the Act to find that because [she] was not an employee when she made her report, she cannot come under the protection of the Act."

Whether the petitioner is entitled to bring a whistleblower claim presents an issue of statutory interpretation, which is a matter of law, *see Magoon v. Thoroughgood*, 148 N.H. 139, 142 (2002). We first look to the language of the statute itself, and, if possible, "construe that language according to its plain and ordinary meaning." *Petition of CIGNA Healthcare*, 146 N.H. 683, 688 (2001).

The petitioner alleged a violation of RSA 275-E:2, I(a) (1999), which provides:

> I. No employer shall discharge, threaten, or otherwise discriminate against any employee regarding such employee's compensation, terms, conditions, location, or privileges of employment because:
>
> (a) The employee, in good faith, reports or causes to be reported, verbally or in writing, what the employee has reasonable cause to believe is a violation of any law or rule adopted under the laws of this state, a political subdivision of this state, or the United States . . . .

At the time of the petitioner's report, the Act defined the term "employee," in relevant part, to "mean[ ] every person who may be permitted, required, or directed by an employer, in consideration of direct or indirect gain or profit, to engage in any employment." RSA 275-E:1, I (1999) (amended 1999).

RSA 275-E:2, I(a) clearly protects only an "employee" from prohibited actions of an employer. The use of the phrase "reports or causes to be reported" in RSA 275-E:2, I(a) indicates that the person must be an employee at the time he or she makes the report. The statute does not refer to a former employee who "has reported" a violation. We can

"neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include. The legislative intent is to be found not in what the legislature might have said, but rather in the meaning of what it did say." *Appeal of Public Serv. Co. of N.H.*, 141 N.H. 13, 17 (1996) (quotation omitted). We also find nothing in RSA 275-E:1 to indicate that the term "employee" was intended to include a past or future employee. Accordingly, we conclude that the plain meaning of the term "employee" as used in the Act encompasses only persons currently employed by the employer.

We are not persuaded by the petitioner's argument that "[w]here the Act is designed to encourage reports without employees fearing retaliation and [the petitioner] engaged in protected activity and suffered adverse employment action, it should be found that she qualifies for the remedies and relief afforded by the statute." We acknowledge that in reviewing whistleblower claims, we will resolve questions of law "in a way that best effectuates the manifest purposes of the act, namely, to encourage employees to come forward and report violations without fear of losing their jobs and to ensure that as many alleged violations as possible are resolved informally within the workplace." *Appeal of Osram Sylvania*, 142 N.H. 612, 617 (1998) (quotation and citation omitted). As so expressed, these purposes clearly apply only to current employees, who alone would be in a position to fear losing their jobs. The legislature could reasonably have declined to extend whistleblower protection to non-employees, who normally would not be deterred from reporting a violation by fear of retaliatory employment action.

■ Because we hold that RSA 275-E:2, I(a) protects only persons who are employed by the employer at the time they report a violation of law or rule, and the petitioner was not so employed at the time she made her report to Prince, the NHDOL erred as a matter of law in finding a violation of RSA 275-E:2, I(a). In light of our resolution of this issue, we need not address any of the respondent's other issues on appeal.

*Reversed.*

BROCK, C.J., and BRODERICK, DALIANIS, and DUGGAN, JJ., concurred.