Hillsborough-northern judicial district
No. 2003-431

REMINGTON INVESTMENTS, INC.

v.

GARY A. HOWARD

Argued: February 11, 2004
Opinion Issued: March 12, 2004

*Ford & Weaver, P.A.*, of Portsmouth (*Marc W. McDonald* on the brief and orally), for the plaintiff.

*Mark P. Cornell*, of Concord, by brief and orally, for the defendant.

DUGGAN, J. The defendant, Gary A. Howard, appeals an order of the Superior Court (*Barry*, J.) granting an extension of the term of a real estate attachment held by the plaintiff, Remington Investments, Inc. *See* RSA 511:55, I (Supp. 2003). We reverse.

On October 29, 1996, Remington instituted a collection action against Howard and was granted an attachment on real estate owned by him, and several other defendants who are not parties to this appeal, in the amount of $600,000. On April 30, 1997, judgment was entered against Howard in the amount of $699,721.90. This judgment remains unsatisfied.

Almost three years after Remington recorded its attachment, Howard filed for bankruptcy. Because of the automatic stay imposed by 11 U.S.C. § 362 (2000), Remington was unable to execute its attachment while Howard's bankruptcy proceeding remained open. In July 2000, Howard's bankruptcy proceeding was closed.

On October 20, 2000, Remington filed a motion to reactivate the case against Howard. Although Remington's motion was granted, it did not execute its attachment on the real estate.

In March 2003, Remington filed a motion to bring forward and extend the attachment term. The trial court granted the motion and extended the term of the real estate attachment for a period of six years. After a hearing, the trial court denied Howard's motion to vacate the order.

On appeal, Howard argues that: (1) RSA 511:55, I, does not provide the trial court with the authority to extend the term of the real estate attachment; and (2) the discharge order issued by the bankruptcy court precludes the extension of the attachment term. Because we agree that the

trial court erred when it extended the term of the real estate attachment, we need not address Howard's second argument.

The question presented by this appeal is one of statutory interpretation. This court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *Phetteplace v. Town of Lyme*, 144 N.H. 621, 624 (2000). In interpreting a statute, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. *Appeal of Northeast Rehab. Hosp.*, 149 N.H. 83, 85 (2003). Where the language of a statute is clear on its face, its meaning is not subject to modification. *Marcotte v. Timberlane/Hampstead School Dist.*, 143 N.H. 331, 337 (1999). We will neither consider what the legislature might have said nor add words that it did not see fit to include. *Monahan-Fortin Properties v. Town of Hudson*, 148 N.H. 769, 771 (2002). Unless we find that the statutory language is ambiguous, we need not look to legislative intent. *Appeal of Town of Newington*, 149 N.H. 347, 352 (2003). We review the trial court's interpretation of a statute *de novo*. *Monahan-Fortin Properties*, 148 N.H. at 771.

In pertinent part, RSA 511:55, I, states: "Real or personal property attached shall be held until the expiration of 6 years from the time of rendering a judgment in the action in favor of the plaintiff on which he can take execution."

We hold that the language of RSA 511:55, I, is unambiguous. According to the plain language of the statute, a real estate attachment expires "by force of law at the expiration of six years from the entry of judgment." 4 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 17.34, at 398 (1997). Although the statute does not expressly prohibit the extension of a term of attachment, we will neither consider what the legislature might have said nor add words that it did not see fit to include. *See Monahan-Fortin Properties*, 148 N.H. at 771. Therefore, we conclude that the legislature intended to limit the term of a real estate attachment to a period of six years.

Moreover, when the statute is considered as a whole, RSA 511:55, III and RSA 511:55, V lend further support to our conclusion. Paragraph III provides that real estate attachments recorded prior to 1976 "shall expire by operation of law on July 1, 1988, unless renewed in the office of the register of deeds." RSA 511:55, III (Supp. 2003). Likewise, paragraph V provides that attachments of personal property "filed prior to July 1, 1992, shall expire by operation of law on July 1, 2002, unless renewed by refiling in the office of the secretary of state prior to that date." RSA 511:55, V

(Supp. 2003). Paragraphs III and V of RSA 511:55 provide authority for the extension of the terms of specified attachments and delineate procedures for doing so. This language is absent from paragraph I. We thus conclude that the legislature intended to limit the term of a real estate attachment to a period of six years.

In this case, a judgment was rendered against Howard on April 30, 1997. Under RSA 511:55, I, Remington held its attachment on Howard's real estate from April 30, 1997, to April 30, 2003. In April 2003, the trial court extended the term of the attachment for an additional six-year period. Because we conclude that the legislature intended to limit the term of a real estate attachment to a period of six years, we hold that the trial court erred when it extended the term of Remington's attachment.

In reaching this conclusion, we also reject Remington's argument that the trial court had the authority to extend the term of the attachment under Superior Court Rule 141. The rule states: "Motions for dissolving injunctions or for the extension or rescission of any order may be heard by any Justice upon due notice to the adverse party." SUPER. CT. R. 141. We do not agree that the rule bestows upon the trial court the authority to extend the attachment term in contravention of RSA 511:55, I. Accordingly, we conclude that the trial court erred when it extended the term of Remington's real estate attachment.

*Reversed.*

BRODERICK, C.J., and NADEAU and DALIANIS, JJ., concurred.