Keene District Court
No. 2003-368

STEPHEN HUTCHINS *& a.*

v.

ROBIN PEABODY *& a.*

Argued: May 5, 2004
Opinion Issued: May 25, 2004

*Stephen Hutchins* and *Anne Hutchins,* by brief and orally, *pro se.*

*Martha M. Jacques,* of Milford, by brief and orally, for the defendants.

DUGGAN, J. The defendants, Robin Peabody and Armand Comtois, appeal a ruling of the Keene District Court (*Talbot,* J.) that the plaintiffs,

Stephen and Anne Hutchins, were entitled to recover possession of an apartment occupied by the defendants. On appeal, the defendants argue that the trial court erred when it held that RSA 540:13-d (1997) was not applicable. We reverse and remand.

The record supports the following facts. Since September 1990, the defendants have rented an apartment in Marlborough from the plaintiffs. The defendants are tenants at will, paying rent on a monthly basis.

The substandard condition of the apartment is well documented. In October 2001, the fire chief inspected the apartment and noted that: (1) the chimney needed to be cleaned and properly enclosed; (2) the chimney cleanout door was not connected; (3) the emergency shut-off switch for the furnace needed to be relocated; (4) electrical boxes were not covered; (5) one electrical box contained an uncapped wire; and (6) battery-operated smoke detectors needed to be replaced with electrically-powered detectors.

In November 2001, the town health officer inspected the apartment and identified the following health and safety issues: (1) holes in the walls that allowed plaster dust to seep into the apartment; (2) mold in the bathroom; and (3) rotten floor boards on the entry, front and back porches.

In October 2002, the town building inspector reported the following problems with the apartment: (1) plaster falling off the walls in the dining room; (2) exposed wiring in the dining room ceiling; (3) excessive mold in the bathroom; (4) signs of smoke leakage and soot entering the house from the chimney; (5) inoperable windows; (6) a sagging bedroom ceiling; and (7) soot leaking from the basement furnace.

The defendants "complained constantly" to the plaintiffs about the condition of the apartment. Despite the plaintiffs' contention that they "made all repairs as they became necessary," the trial court found that "the building in general and this apartment in particular [were] in dilapidated condition, and in need of much corrective work."

On January 31, 2003, the defendants notified the plaintiffs of their intent to withhold rent until the previously reported conditions were repaired. At trial, the defendants submitted evidence that they deposited the withheld rent into a segregated bank account.

The plaintiffs filed a writ in Keene District Court seeking to recover possession of the apartment for non-payment of rent. *See* RSA 540:13 (Supp. 2003). The defendants argued that their eviction was barred by RSA 540:13-d. The trial court disagreed and found that RSA 540:13-d was not applicable because the apartment was in need of rehabilitation that was substantially more expensive and time consuming than the repairs contemplated by the statute. The trial court also found that the defendants

were entitled· to a reduction in rent "owing to the breach of the implied warranty of habitability." This appeal followed.

The defendants argue that the trial court erred when it found that RSA 540:13-d was not applicable. We agree.

The question presented is one of statutory interpretation. This court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *Remington Invs. v. Howard*, 150 N.H. 653, 654 (2004). In interpreting a statute, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. *Id.* Where the language of a statute is clear on its face, its meaning is not subject to modification. *Id.* We will neither consider what the legislature might have said nor add words that it did not see fit to include. *Id.* We·review the trial court's interpretation of a statute *de·novo. Id.*

In pertinent part, RSA·540:13-d, I, states:

No action for possession based on non-payment of rent shall be maintained in regard to any premises leased or rented for residential purposes … if such premises are in substantial violation of the standards of fitness for health and safety set forth in RSA 48-A or in local codes, ordinances or bylaws established. pursuant thereto, and such violation materially affects. the habitability of said premises, provided that:

(a) The tenant proves by clear and convincing evidence that, while not in arrears in rent, he provided notice of the violation to the person to whom he customarily pays rent; and

(b) The landlord failed to correct the violations within 14 days of the receipt of such written notice or, in an emergency, as promptly as conditions require; and

(c) The violations were not caused by the tenant, a member of the tenant's family or other person on the premises with the tenant's consent; and

(d) Necessary repairs have not been prevented due to extreme weather conditions or ·due to the failure of the tenant to allow the landlord reasonable access to the premises.

When a tenant raises this defense, "the court may order the action continued for a reasonable time not to exceed one month to enable the plaintiff to remedy the violation," RSA 540:13-d,.II.

■ We hold that the language of RSA 540:13-d is unambiguous. According to the plain language of the statute, when a premises leased or

rented for residential purposes is in substantial violation of the standards of fitness for health and safety, and the violation materially affects the habitability of the premises, the tenant has an affirmative defense to an action for possession based on non-payment of rent. *See Penrich, Inc. v. Sullivan*, 140 N.H. 583, 588-89 (1995). This defense precludes the landlord from maintaining an action for non-payment of rent so long as the four factors set forth in the statute have been satisfied. *See* RSA 540:13-d, I. In this case, the trial court specifically found that the apartment was in a dilapidated condition but ruled that the defendants could not raise the RSA 540:13-d defense because the apartment was in need of substantial rehabilitation, rather than mere repair. The statute does not distinguish between repairs and more substantial rehabilitation. The plain language of the statute recognizes that the affirmative defense applies in situations where there is a "substantial" violation of the standards of fitness for health and safety that "materially" affects the habitability of the premises. We will not consider what the legislature might have said nor add words that it did not see fit to include. *Remington*, 150 N.H. at 654. Because we conclude that the legislature intended to make the RSA 540:13-d defense available in all instances where there is a substantial violation of the standards of fitness for health and safety that materially affects the habitability of the premises, we hold that the trial court erred when it ruled that the defense was not available to the defendants.

*Reversed and remanded.*

BRODERICK, NADEAU, DALIANIS and GALWAY, JJ., concurred.