Concord District Court
No. 2003-265

THE STATE OF NEW HAMPSHIRE

v.

RANDALL B. HOFLAND

Submitted: April 27, 2004
Opinion Issued: August 27, 2004

*Peter W. Heed*, attorney general (*Michael A. Delaney*, senior assistant attorney general, on the brief ), for the State.

*Randall B. Hofland*, by brief, *pro se.*

*Paul F. Cavanaugh*, city solicitor, by brief, for City of Concord, as *amicus curiae.*

BRODERICK, C. J. The defendant, Randall B. Hofland, appeals a ruling of the Concord District Court (*Sullivan*, J.) that he violated a City of Concord parking ordinance. We affirm.

The record supports the following facts. The City of Concord (city) has an ordinance that prohibits parking on city streets for longer than thirty minutes between the hours of 2:00 a.m. and 6:00 a.m. At approximately 4:30 a.m. on October 20, 2002, the defendant received a parking ticket for parking for more than thirty minutes on a downtown city street. Following a bench trial, the defendant was found guilty. This appeal followed. The defendant contends that: (1) the city failed to provide appropriate and adequate notice of its parking ordinance; (2) the parking ordinance was not uniformly enforced; (3) the city prosecutor engaged in misconduct during the trial; and (4) the trial judge erred in denying his motion to recuse.

After briefs were filed and the case was submitted, we issued an order permitting the parties to address, by memoranda, whether the appeal should be dismissed for lack of subject matter jurisdiction. *See Route 12 Books & Video v. Town of Troy*, 149 N.H. 569, 575 (2003) (issue of subject matter jurisdiction can be raised at any time in proceedings because it can be neither waived nor conferred where it does not already exist). Accordingly, we first address whether the appeal is properly before us.

The defendant was charged with violating a parking ordinance. *See* RSA 625:9 (Supp. 2003) (providing classification of offenses); RSA 47:17, XVIII (2003) (authorizing city councils to adopt parking ordinances). "All fines and forfeitures for the violation of any [city] bylaw or ordinance [are to] be recovered by complaint before the [local] municipal court of said city, and shall enure to such uses as the city councils may direct." RSA 47:19 (2003). Any party so prosecuted "shall have the right to appeal to the superior court in the same manner and on the same terms and conditions as are provided by law for appeals from the judgments of municipal or district courts in other criminal prosecutions." RSA 47:21 (2003) (first enacted in 1846).

While a reading of RSA chapter 47 indicates that appeals in cases involving violations of municipal ordinances are to the superior court, RSA 599:1-c, II (2001) provides: "A person sentenced by a district or municipal court for a violation or class B misdemeanor may, at the time the sentence is declared or within 30 days thereafter, appeal therefrom to the supreme court." *See also* RSA 651:2, III-a (Supp. 2003) (including fine as a sentencing option for violation). RSA 625:9, V-a (Supp. 2003) became effective in 2002 and provides: "The violation of any requirement created by statute or by municipal regulation enacted pursuant to an enabling statute, where the statute neither specifies the penalty or offense classification, shall be deemed a violation . . . ." The question before us then

is whether RSA 599:1-c, which was enacted in 1983, authorizes appeals to the supreme court in cases of this nature.

■ When interpreting statutes, we ascribe to statutory words and phrases their usual and common meaning, unless the statute suggests otherwise. *See State v. McCarthy*, 150 N.H. 389, 390 (2003). When the language of a statute is clear on its face, its meaning is not subject to modification. *See Remington Invs. v. Howard*, 150 N.H. 653, 654 (2004). We will neither consider what the legislature might have said nor add words that it did not see fit to include. *See id.* Because the defendant was sentenced for a violation of a municipal ordinance, we conclude that he is entitled to appeal to the supreme court pursuant to RSA 599:1-c. We need not determine the continuing validity of RSA 47:21 in light of the more recent enactment of RSA 599:1-c. *Cf. State v. McKenney*, 126 N.H. 184 (1985). The legislature may wish to clarify whether RSA 47:21 continues to permit appeals to superior court.

Having determined that we have jurisdiction in this case, we turn to the merits of the defendant's appeal. He alleges violations of numerous State and federal constitutional provisions but we will confine our review to those for which he presents developed argument. *See State v. Blackmer*, 149 N.H. 47, 49 (2003) (passing reference to constitutional claim renders argument waived).

The defendant first argues that the city failed to adequately post its prohibition against overnight parking on city streets. He cites the Due Process Clauses of the State and Federal Constitutions in support of his argument that the city failed to provide appropriate and adequate notice of the ordinance. *See* N.H. CONST. pt. I, art.15; U.S. CONST. amends. V, XIV. He also relies on *Chicago v. Morales*, 527 U.S. 41 (1999), and *State v. Porelle*, 149 N.H. 420 (2003). Because his arguments address issues of law, we review them *de novo. See State v. McLellan*, 149 N.H. 237, 240 (2003).

We address the defendant's State constitutional claim first, citing federal law only to aid in our analysis. *See State v. Ball*, 124 N.H. 226, 231-33 (1983). We have previously held that a statute may be impermissibly vague and therefore violate the Due Process Clause if it either "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits [or] if it authorizes or even encourages arbitrary and discriminatory enforcement." *State v. Porelle*, 149 N.H. at 423. The appellant does not argue that the language of the applicable ordinance is "so vague and standardless that it leaves the public uncertain as to the conduct it prohibits," *Chicago v. Morales*, 527 U.S. at 56, but rather that because the ordinance was not posted, it did not give

the public an opportunity to understand the conduct it prohibited. *See State v. Porelle*, 149 N.H. at 423.

The legislature has established certain notice and publication requirements for municipal ordinances. RSA 47:18 (2003) provides that all adopted city ordinances "shall be kept on file at the office of the city clerk and at such other public place as the city council may designate." Notice of the adoption of the ordinance must be given by publishing its title and a brief description in such newspaper or newspapers as the city council shall direct. *See* RSA 47:18. "The sufficiency of the published notice shall not affect the validity of the ordinance." *Id.*

In this case, the defendant does not argue that the parking ordinance was not kept on file or published as required by RSA 47:18. Rather, he contends that the city failed to provide adequate notice of its existence because it was not posted where he parked. Under the defendant's argument, due process would require that the city post every parking ordinance throughout the city. He has cited no case that construes due process so broadly and we decline to do so now.

■ Given the record in this case and in the absence of an express provision in any statute or ordinance that requires posting, we find no violation of the defendant's due process rights. *See* RSA 626:2 (1996) (knowledge of existence of law or whether conduct constitutes offense not element of offense unless law so provides); RSA 626:3, II (1996); *State v. Stratton*, 132 N.H. 451, 457 (1989) ("Ignorance of the law is no excuse."). Absent a violation of due process, we leave to the legislature and local governments the determination of posting requirements. *See State v. Perry*, 130 N.W.2d 343, 346 (Minn. 1964).

Turning to the defendant's federal constitutional claim, we have reviewed the federal cases cited by the defendant. Because the State Constitution provides at least as much protection as the Federal Constitution, *see Stewart v. Cunningham, Warden*, 131 N.H. 68, 70 (1988), we find no federal constitutional violation.

■ Citing the Fourteenth Amendment of the United States Constitution and Part I, Articles 1, 2, 14 and 15 and Part II, Article 5 of the New Hampshire Constitution, the defendant also contends that the parking ordinance was not uniformly enforced, thereby violating his right to equal protection of the law. In support of his argument, he asserts that it was possible to avoid a citation for overnight parking by obtaining permission of the local police and that "generally only local residents are aware of these exemptions." The defendant does not argue, nor does the record contain evidence, that the purported "selective enforcement of the ordinance against him was a conscious intentional discrimination,"

*Alexander v. Town of Hampstead*, 129 N.H. 278, 283 (1987) (quotations omitted); nor does he assert that the city "impermissibly established classifications and, therefore, treated similarly situated individuals in a different manner," *Bacon v. Town of Enfield*, 150 N.H. 468, 474 (2004). Accordingly, the defendant has failed to meet his burden of establishing that the city's parking citation violated his right to equal protection of the law.

The defendant further asserts that the prosecutor engaged in misconduct during the trial. A prosecutor's actions may constitute misconduct when, "either intentionally or through gross negligence, the prosecutor produced a situation in which continuation of the tainted proceeding would result in an improper conviction." *State v. Wood*, 150 N.H. 233, 235 (2003). Because the trial court is in the best position to assess whether misconduct has occurred, we will not reverse its ruling on this issue absent an unsustainable exercise of discretion. *See id.*

██ In this case, the defendant cites both the prosecutor's "obstruction of relevant cross-examination" and his closing statement as evidence of his prosecutorial misconduct. The State's sole witness was the police officer who issued the parking ticket. A review of the trial transcript reveals that the questions asked by the defendant to which the prosecutor objected generally related to the police officer's experience issuing tickets in other parts of the city, her legal knowledge, and certain personal information, including whether she lived in Concord. We find no error in the prosecutor's objections. *See* N.H. R. Ev. 401, 402. While the defendant also asserts that the prosecutor engaged in misconduct in his closing statement, he references no specific language. In addition, the defendant did not object to the prosecutor's remarks at trial and therefore the issue is not preserved for appellate review. *See State v. Porter*, 144 N.H. 96, 102 (1999) (preservation of issue for appeal requires contemporaneous and specific objection).

The defendant next contends that the actions of the trial judge violated Supreme Court Rule 38 and that he erred in failing to recuse himself from the proceedings. It appears from the record that the defendant first requested recusal in his motion for reconsideration filed at some point after the trial and the court's finding that he had violated the city ordinance. We will assume without deciding that the issue of recusal was raised in a timely fashion and has therefore been properly preserved for our review; however, we find no merit in the defendant's argument.

Supreme Court Rule 38 requires disqualification of a judge "in a proceeding in which the judge's impartiality might reasonably be questioned." SUP. CT. R. 38, Canon 3E(1). "Whether an appearance of

impropriety exists is determined under an objective standard, *i.e.*, would a reasonable person, not the judge himself, question the impartiality of the court." *State v. Bader*, 148 N.H. 265, 268 (2002) (quotation omitted), *cert. denied*, 538 U.S. 1014 (2003).

■ The defendant cites the court's remark at the outset of trial, its rulings concerning judicial notice and its alleged failure to follow federal cases in support of his argument. Our review of the trial transcript indicates that at the beginning of the trial, the defendant asked the court whether it was aware of "any issues of possible tainting" because the defendant had "been involved in some rather tenacious judicial issues in the state of New Hampshire . . . ." In response, the trial court advised the defendant that it did not know who he was. The trial court subsequently denied the defendant's request that it take judicial notice of several Concord ordinances, citing the defendant's failure to supply copies of the ordinances. *See* N.H. R. Ev. 201(d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information."); *DeButts v. LaRoche*, 142 N.H. 845, 847 (1998) (*pro se* litigants responsible for knowing content of court rules applicable to their actions). Moreover, because, as we have concluded elsewhere in this opinion, the trial court correctly construed the applicable law, we need not address whether such claimed error would require disqualification. Because the defendant has identified no fact which would allow the impartiality of the trial judge to be questioned, we affirm the trial court's denial of his recusal request.

All issues raised in the defendant's notice of appeal but not briefed are deemed waived. *See State v. Higgins*, 149 N.H. 290, 303 (2003). To the extent that we have not addressed other arguments raised by the defendant, they were not sufficiently developed for appellate review. *See Blackmer*, 149 N.H. at 49.

*Affirmed.*

NADEAU, DALIANIS, DUGGAN and GALWAY, JJ., concurred.