Concord District Court
No. 2004-469

IN RE JUVENILE 2004-469

Submitted: January 12, 2005
Opinion Issued: February 4, 2005

*Kelly A. Ayotte,* attorney general (*Ann M. Rice,* associate attorney general, on the brief), for the State.

*Charles A. Russell,* of Concord, by brief, for the juvenile.

## MEMORANDUM OPINION

GALWAY, J. The juvenile appeals the denial by the Concord District Court (*Carbon,* J.) of his motions to dismiss and to receive credit for his pre-sentence confinement. We affirm.

The relevant facts follow. On March 19, 2004, the juvenile was charged by petition with resisting detention. *See* RSA 642:2 (1996). While awaiting adjudication, he was sent to the Youth Services Detention Unit (YSDU). At the April 8, 2004 adjudicatory hearing, the juvenile pleaded "true" to the petition. The court ordered him to remain at the YSDU pending the dispositional hearing.

The final dispositional hearing was held twenty days later, on April 28, 2004, at which the court considered the report and recommendations of the juvenile probation/parole officer (JPPO). The JPPO recommended that the juvenile initially be placed into shelter care for a maximum of sixty days and then in a suitable residential program. The JPPO informed the court that no shelter bed was available and that the search for a long-term residential placement had not been completed.

Over the objections of the juvenile and his father, the court recessed the dispositional hearing to permit the JPPO to secure a placement for the juvenile. The court reconvened the hearing nine days later, on May 7, 2004.

In the interim, the juvenile moved to dismiss the proceeding, arguing that, by recessing the dispositional hearing, the court failed to comply with the mandatory time limits of RSA 169-B:16, V (Supp. 2004). The juvenile also moved to receive credit for his pre-sentence confinement in the YSDU. The court denied both motions.

On appeal, the juvenile first argues that the trial court's failure to comply with the time limits of RSA 169-B:16, V deprived it of jurisdiction. We are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. We first examine the language of the statute, and, where possible, ascribe the plain and ordinary meanings to the words used. *Blackthorne Group v. Pines of Newmarket*, 150 N.H. 804, 806 (2004). When a statute's language is plain and unambiguous, we need not look beyond it for further indication of legislative intent. *Id.* We review the trial court's statutory interpretation *de novo. Hutchins v. Peabody*, 151 N.H. 82, 84 (2004).

RSA 169-B:16, V provides: "The court shall hold a hearing on final disposition within 21 days of the adjudicatory hearing if the minor is detained and within 30 days of the adjudicatory hearing if the minor is released." In context, the plain meaning of the phrase "to hold" is "to conduct" or "preside at." BLACK'S LAW DICTIONARY 736 (7th ed. 1999). The record shows that the trial court presided at a dispositional hearing within twenty-one days of the adjudicatory hearing. Accordingly, we hold that it complied with the statute.

The juvenile asserts that the statute prohibited the court from recessing the hearing to find a suitable out-of-home placement for him. We disagree. To the contrary, by its express terms, the statute merely requires the court to conduct a hearing on final disposition within twenty-one days, not that it complete the hearing in that time frame.

Moreover, even if we were to agree that by recessing the hearing the court violated the time frame of RSA 169-B:16, V, this would not necessarily deprive the court of jurisdiction. *See State ex. rel. McLellan v. Cavanaugh*, 127 N.H. 33, 36 (1985). While "[w]e have . . . found legislative intent to impose a jurisdictional limitation when mandating time limits for holding adjudicatory hearings," *In re Russell C.*, 120 N.H. 260, 268 (1980), we have declined to infer "such intent when the mandate is imposed to further a remedial or dispositional objective." *Cavanaugh*, 127 N.H. at 36. The juvenile's reliance upon cases concerning mandatory time limits for adjudicatory hearings thus is misplaced.

While the juvenile cites the State Constitution, he does not advance a separate constitutional argument. His off-hand invocation of constitutional rights, supported by neither argument nor authority, warrants no extended consideration on appeal. *State v. Ayer*, 150 N.H 14, 34 (2003), *cert. denied*, 124 S. Ct. 1668 (2004).

 The juvenile next argues that the trial court erroneously denied his motion for pre-trial sentence detention credit. We agree with the State that this issue is moot as the juvenile has been released from the shelter care facility and returned to his home. The juvenile impliedly concedes that the issue is moot by requesting that the court require trial courts "to grant pretrial confinement credit to juveniles in the future." He does not argue, and we do not believe, that this issue is capable of repetition but likely to evade our review. While this issue may come before us again, we are not persuaded that it will necessarily evade our review, and we therefore decline to consider it further at this time. *See In the Matter of Jones and Jones*, 146 N.H. 119, 121 (2001).

We further decline to address the juvenile's remaining arguments either because they too are moot or are insufficiently developed for appellate review or because they concern issues that are not properly before us. *See State v. Blackmer*, 149 N.H. 47, 49 (2003).

*Affirmed.*

BRODERICK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.