Colebrook Family Division
No. 2007-150

IN RE JUVENILE 2007-150

Submitted: February 21, 2008
Opinion Issued: March 12, 2008

![redacted block]

*Kelly A. Ayotte,* attorney general (*Thomas E. Bocian,* attorney, on the brief), for the State.

*James T. Brooks,* assistant appellate defender, of Concord, on the brief, for the juvenile.

GALWAY, J. The juvenile appeals the denial by the Colebrook Family Division (*Michalik,* J.) of his motion to dismiss for lack of jurisdiction. We affirm.

The Stratford Police Department filed two delinquency petitions against the juvenile, following two separate burglaries. *See* RSA 169-B:6 (Supp. 2005). He was arraigned on the petitions on July 11, 2006. The adjudicatory hearing began on August 8, 2006, twenty-eight days after arraignment. *See* RSA 169-B:14, II (2002) (in delinquency proceedings, adjudicatory hearing shall be held within thirty days of arraignment for minors not detained). During the adjudicatory hearing, the prosecutor requested a continuance when one of his subpoenaed witnesses failed to

appear. After discussion, the hearing was recessed; it resumed on August 22, 2006. In an order dated September 6, 2006, the trial court entered a finding of true.

On December 1, 2006, the juvenile filed a motion to dismiss, arguing that because the adjudicatory hearing was not completed within thirty days, the trial court had lost jurisdiction. The trial court denied the motion, finding that RSA 169-B:14, II required that an adjudicatory hearing must begin within the thirty-day time period but not necessarily be completed within that time and, further, that even if the statute required completion within thirty days, the juvenile had waived the time limit.

On appeal, the juvenile argues that the trial court erred in denying his motion to dismiss for lack of jurisdiction because: (1) more than fifty days had passed between his arraignment and the trial court's findings of true; (2) the juvenile did not waive his right to a timely adjudication; and (3) no good cause justified an extension of the hearing, *see* RSA 169-B:14, II.

We review a trial court's statutory interpretation *de novo. In re Juvenile 2004-469*, 151 N.H. 706, 707 (2005). When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used. *Fisher v. Minichiello*, 155 N.H. 188, 191 (2007). We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.* When interpreting two or more statutes that deal with similar subject matter, we construe them so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the legislative purpose of the statute. *Id.*

RSA 169-B:14, II provides: "The adjudicatory hearing shall be held within 21 days of arraignment for minors detained pending such hearing and within 30 days of arraignment for minors not detained. An extension of these time limits may be permitted, upon a showing of good cause, for an additional period not to exceed 14 calendar days."

Although the transcript of the August 8, 2006 hearing indicates that the fourteen-day continuance was based upon several factors and that defense counsel agreed, we will assume without deciding that the juvenile did not concur. We, therefore, must determine whether the language in RSA 169-B:14 requires that the adjudicatory hearing be completed within thirty days of arraignment. We have previously construed similar, though not identical, language in RSA 169-B:16, V (Supp. 2004). *In re Juvenile 2004-469*, 151 N.H. at 707 ("The court shall hold a hearing on final disposition within 21 days of the adjudicatory hearing if the minor is detained and within 30 days of the adjudicatory hearing if the minor is released."). We determined that the plain meaning of the phrase "to hold" is "to conduct" or "preside at." *Id.* We concluded that RSA 169-B:16, V required that the

trial court conduct a hearing within twenty-one days but not that it complete the hearing within that time frame. *Id.*

In this case, the juvenile argues that the language in RSA 169-B:14, II, "shall be held," is sufficiently distinct from "hold" to require a different interpretation. We disagree. Where the two sentences differ only because one is written in the active voice and one is written in the passive voice, we see no reason to reach a different conclusion.

Our case law and the purpose of the juvenile delinquency statutes support this conclusion. As we have previously noted, the mandatory time limit set forth in RSA 169-B:14 is analogous to an adult offender's right to a speedy trial. *In re Russell C.*, 120 N.H. 260, 266 (1980). In cases where we have examined the scope of the right to a speedy trial in criminal proceedings, we based our analysis upon the date upon which trial commenced. *See, e.g., State v. Langone*, 127 N.H. 49, 52-54 (1985). In delinquency proceedings, as in criminal trials, the hearing may require more than one day to present all of the evidence. It may not be possible in every case to accurately estimate at the outset the amount of time required for testimony by each witness. In the absence of a legislative mandate, we decline to impose a structure that may not only limit the evidence that can be presented but may also open itself to abuse. In either case, the juvenile may not receive the full benefit intended to be provided in delinquency proceedings. *See* RSA 169-B:1 (2002) (Statement of Purpose).

■ In this case, the adjudicatory hearing began within thirty days of arraignment. The prosecutor requested a continuance when one of his subpoenaed witnesses failed to appear. The hearing reconvened fourteen days later. The trial court issued its order fifteen days thereafter. Based upon this record, we conclude that the trial court did not err in denying the juvenile's motion to dismiss.

Given our conclusion, we need not address the juvenile's remaining arguments.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and HICKS, JJ., concurred.