Grafton
No. 2011-843

HENDERSON HOLDINGS AT SUGAR HILL, LLC

v.

TOWN OF SUGAR HILL

Submitted: June 7, 2012
Opinion Issued: July 31, 2012

*Mayer Law Offices*, of Nashua (*Fred K. Mayer III* on the brief), for the petitioner.

*Gardner Fulton & Waugh, P.L.L.C.*, of Lebanon (*Adele M. Fulton* on the brief), for the respondent.

HICKS, J. This is an interlocutory appeal from an order of the Superior Court (*Vaughan*, J.) denying a motion to dismiss filed by the Town of Sugar Hill (Town). *See* SUP. CT. R. 8. The superior court transferred the following question for our review:

> Whether RSA 76:16 requires all landowners to sign and certify their applications for abatement, in whichever form such applications take, that they have a "good faith basis and the facts in the application are true" before they may appeal any assessment decision of a municipality to the superior court or to the BTLA [Board of Tax and Land Appeals], especially when the facts show a knowing and purposeful choice not to sign said application?

We conclude that, although the Town lawfully denied the petitioner's application based upon its lack of signature and certification, the superior court may nevertheless review the Town's denial to determine whether review by the Town on the merits is appropriate in the circumstances. Accordingly, we remand.

I

We accept the statement of the case and facts as presented in the interlocutory appeal statement and rely upon the record for additional facts as necessary. *See State v. Hess Corp.*, 159 N.H. 256, 258 (2009). In January 2009, the petitioner, Henderson Holdings at Sugar Hill, LLC, through its non-attorney representative, Mark Lutter, doing business as Northeast Property-Tax Consultants, *see* RSA 71-B:7-a (Supp. 2011), applied to the Town for abatement of its 2008 real estate taxes, using the form provided by the BTLA for that purpose. Section H of the form instructed the petitioner to sign the application and certify that it has a good faith basis and is based upon truthful information. Additionally, section I required the petitioner's representative to certify that the petitioner had signed section H. The petitioner, however, did not sign the form. Instead, Lutter wrote on the signature line "see agent form" and attached an agent authorization form signed by the petitioner. On this form, the petitioner authorized Lutter to act for it and sign municipality abatement and BTLA forms on its behalf. However, the agent authorization form did not include a certification by the petitioner that the information Lutter submitted on its behalf was true.

The Town did not respond to the application, which constitutes denial under RSA 76:16, II (2003). The petitioner then appealed to the superior

court pursuant to RSA 76:17 (2003), and the Town moved to dismiss. The litigation was stayed pending this court's resolution of *Appeal of Wilson*, 161 N.H. 659 (2011). After *Wilson* was decided, the superior court lifted the stay and denied the Town's motion on the grounds that the petitioner's failure to sign and certify the application did not require dismissal. This interlocutory appeal followed.

## II

The Town argues that the superior court lacks jurisdiction to hear the petitioner's appeal because the petitioner neither signed nor certified its abatement application to the selectmen. However, whether the Town permissibly denied the application based upon the petitioner's failure to provide the information required by RSA 76:16, III is not a jurisdictional issue. *Cf. Rainville v. Lakes Region Water Co.*, 163 N.H. 271, 275 (2012) (noting that the plain meaning of the term jurisdiction is "the legal power, right, or authority to hear and determine a cause, legal power to interpret and administer the law, or [the] power or right to exercise authority: CONTROL" (quotations omitted)). To the contrary, this question concerns only what the statute requires of applicants in the first instance before the selectmen or assessors, not the terms by which an appeal may be heard and decided. *Cf. Phetteplace v. Town of Lyme*, 144 N.H. 621, 625 (2000) (holding that compliance with procedural deadline for filing appeal is a "necessary prerequisite" to establishing jurisdiction in the appellate body); *Appeal of Town of Sunapee*, 126 N.H. 214, 216 (1985) (holding that BTLA lacked jurisdiction to order abatement on one parcel where property owner applied only for abatement on a different parcel).

## III

The Town's main argument on appeal is that the trial court erroneously denied its motion to dismiss. The Town contends that it properly denied the petitioner's tax abatement application because the petitioner did not comply with the signature and certification requirements in RSA 76:16, III(g) as interpreted in *Wilson*.

Because resolution of this issue requires statutory interpretation, which is a matter of law, we review the trial court's decision *de novo*. *Magoon v. Thoroughgood*, 148 N.H. 139, 142 (2002). In matters of statutory interpretation, we are the final arbiters of legislative intent as expressed in the words of the statute considered as a whole. *In the Matter of Watterworth & Watterworth*, 149 N.H. 442, 445 (2003). We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used. *Id.* Furthermore, we interpret statutes in the context of the overall statutory

scheme and not in isolation. *Id.* (quotation omitted). "Our goal is to apply statutes in light of the legislature's intent in enacting them and in light of the policy sought to be advanced by the entire statutory scheme." *Fichtner v. Pittsley*, 146 N.H. 512, 514 (2001) (quotation omitted).

RSA 76:16, I (2003) permits those aggrieved by the assessment of a tax to "apply in writing on the form set out in paragraph III to the selectmen or assessors for an abatement of the tax." Paragraph III states:

> The abatement application form shall be prescribed by the [BTLA]. The form shall include the following and such other information deemed necessary by the board:
>
> . . . .
>
> (g) A place for the applicant's signature with a certification by the person applying that the application has a good faith basis and the facts in the application are true.

Paragraph IV states that the "[f]ailure to use the form prescribed in paragraph III shall not affect the right to seek tax relief." The statute provides two methods of appealing an adverse abatement decision — to the BTLA under RSA 76:16-a, I, or to the superior court under RSA 76:17.

In *Wilson*, we addressed a factual scenario identical to this case in virtually every respect. *See Wilson*, 161 N.H. at 660-61. In that case, the petitioners, Ned and Theresa Wilson, employed Mark Lutter, the same non-attorney representative employed by the petitioner in this case, to apply to the Town for a tax abatement. *Id.* at 660. As in this case, the petitioners did not sign the abatement form; instead, Lutter wrote "See agent form" on the signature line and attached an agent authorization form signed by the petitioners. *Id.* The agent authorization form in both *Wilson* and this case did not include a certification by the petitioners that the information Lutter submitted on their behalf was true. *Id.* In both cases, the Town denied the abatement; in *Wilson* the reasons for the denial were not apparent in the appellate record, and here the Town simply did not respond to the abatement request. *Id.*

The only notable distinction between the facts of this case and those in *Wilson* is that, unlike in *Wilson*, where the petitioners appealed to the BTLA, here the petitioner appealed to the superior court. As noted in *Wilson*, the BTLA's administrative rules contain a provision stating that "[t]he lack of the taxpayer's signature and certification shall preclude" an appeal to the BTLA "unless it was due to reasonable cause and not willful neglect." *Id.* at 662 (quoting N.H. ADMIN. RULES, Tax 203.02(d)). The petitioners in *Wilson* argued that the BTLA rule conflicted with RSA 76:16, IV, which, as noted above, provides that an applicant's failure to use the

abatement application form set forth in RSA 76:16, III "shall not affect the right to seek tax relief." We disagreed, holding that, while failure to use the form itself does not affect the right to seek tax relief, the statute "is silent as to whether the right to seek tax relief from a town or the BTLA may be lost because an applicant has failed to sign an abatement request, or otherwise has failed to provide the information *required* by RSA 76:16, III." *Id.* at 663. We further held that "the information required by RSA 76:16, III, including the taxpayer's signature and certification that the information submitted is true, affects the right to seek tax relief." *Id.* As such, the administrative rule is consistent with RSA 76:16, III and constitutes a reasonable rule for carrying out the BTLA's functions. *Id.*

■ We now reiterate what we said in *Wilson*: "RSA 76:16, III(g) requires the taxpayer to certify that he or she has a good faith basis for applying for an abatement and that the facts in the application are true." *Id.* at 665. Although Rule 203.02(d) does not itself govern the superior court's review of the Town's action, our holding in *Wilson* established that RSA 76:16, III provides an independent basis upon which the Town may reject applications that are not signed and certified. The mere fact that the petitioner in this case appealed to the superior court instead of the BTLA does not alter the analysis of that which the statute requires in the first instance. As we concluded in *Wilson*, construing the statutory scheme to allow a taxpayer to apply for an abatement without providing a town with the "*necessary information* to process such a request and without certifying that the information provided is true . . . would render the statute a virtual nullity." *Id.* at 663-64 (emphasis added). This, as we stated in *Wilson*, "we will not do." *Id.*

■ Of course, the fact that the Town lawfully denied the application for lack of signature and certification does not preclude the superior court from reviewing that decision if, in its discretion and pursuant to applicable legal or equitable principles, the circumstances warrant such review. Just as the BTLA may, according to its own rules, review unsigned or uncertified applications if the taxpayer can show reasonable cause and not willful neglect, *see* N.H. ADMIN. RULES, Tax 203.02(d), the superior court may also examine the record to determine whether, in its sound judgment, the taxpayer is entitled to consideration on the merits of its application. The Town's contrary interpretation, which would require automatic dismissal by the superior court of unsigned and uncertified applications, is more strict than that which the BTLA rules allow, and is precisely the kind of narrow, unforgiving approach that we have consistently rejected in the past. *See GGP Steeplegate v. City of Concord*, 150 N.H. 683, 686 (2004)

("[The tax abatement scheme] should be construed liberally, in advancement of the rule of remedial justice which it lays down." (quotations omitted)).

In light of the foregoing discussion, we remand this case to the superior court to consider whether the petitioner is entitled to review by the Town on the merits of its application.

## IV

In their briefs, the parties have also addressed the issue of whether the petitioner, a limited liability company, may delegate authority to sign and certify the abatement application to any agent representing the company, or if instead it must have a board member or member of the management team sign and certify the application. Because the trial court neither addressed this issue in its order denying the motion to dismiss nor included it in its interlocutory appeal transfer statement, we need not address it here. *See generally* SUP. CT. R. 8.

*Remanded.*

DALIANIS, C.J., and CONBOY and LYNN, JJ., concurred.