Coos
No. 2005-195

DALTON HYDRO LLC

v.

TOWN OF DALTON

Argued: October 19, 2005
Opinion Issued: December 29, 2005

*Brown, Olson & Gould, P.C.*, of Concord (*Bryan K. Gould* on the brief), and *Steven A. Wuthrich*, of Montpelier, Idaho, on the brief and orally, for Dalton Hydro LLC.

*Mitchell & Bates, P.A.*, of Laconia (*Judith E. Whitelaw* on the brief and orally), for the Town of Dalton.

DALIANIS, J. The appellant, Dalton Hydro LLC (Dalton Hydro), appeals an order of the Superior Court (*Vaughan*, J.) granting summary judgment to the appellee, Town of Dalton (town). We reverse and remand.

The record supports the following facts. Dalton Hydro owns property on the New Hampshire-Vermont border consisting of a paper mill, a dam across the Connecticut River, and a hydroelectric power plant. A portion of the property is located in Dalton (the Dalton property).

Dalton Hydro's immediate predecessor in title was American Paper Mills of Vermont (American Paper), which became the subject of an involuntary Chapter 7 petition for bankruptcy filed on or about July 3, 2002, in the United States Bankruptcy Court for the District of Vermont. The bankruptcy court converted the filing to a Chapter 11 proceeding on September 16, 2002, and appointed attorney Douglas J. Wolinsky (the trustee) as Chapter 11 trustee.

On February 7, 2003, the Steve Rogan Company (SRC), a Utah corporation that manages Dalton Hydro, made a bid of $3,205,000 to purchase the Dalton property. The bankruptcy court issued an order authorizing the sale to SRC, which assumed operating responsibility on or about February 14, 2003, in advance of closing. On or about February 20, 2003, two representatives from SRC met with the town's clerk and its tax collector to discuss the impending purchase, as well as related tax issues. At this meeting, SRC's representatives provided the clerk and the tax collector with its Utah address and phone number.

On March 11, 2003, the town mailed taxpayer inventory blanks to all of the town's property owners, as was required by New Hampshire law. *See* RSA 74:4-:5 (2003). One such inventory blank was sent to "American Pulp and Paper Company/Simpson Paper Company," the Dalton property's *corporate* owner of record as of that date. Neither the trustee, nor SRC, nor Dalton Hydro received inventory forms.

On March 20, 2003, SRC assigned its rights to purchase the Dalton property under the bankruptcy court's order to Dalton Hydro. Dalton Hydro purchased the Dalton property from the trustee on March 21, 2003. That same day, the trustee, in addition to paying past due property taxes to the town on behalf of the bankruptcy estate, sent a letter to the town notifying it of the sale.

Approximately eight months later, in November 2003, Dalton Hydro received a tax bill from the town appraising the Dalton property at $3,833,330 for taxation purposes. Based upon this appraisal, the town assessed a total tax in the amount of $97,520. Dalton Hydro filed a timely application for an abatement with the town's board of selectmen, claiming that the assessed taxes were illegal, excessive, disproportionate, and unjust. The board denied the application.

Dalton Hydro then petitioned the trial court for an abatement and refund, asserting that the purchase price of $3,205,000 represented the fair market value of the Dalton property as of March 20, 2003, and that the town's appraisal was illegal, excessive, disproportionate, and unjust. The town responded that Dalton Hydro's right to contest the proportionality of its tax burden for 2003 had been forfeited because neither it nor its predecessor-in-interest had filed the required inventory form with the town.

In December 2004, the town moved for summary judgment, asserting that it fulfilled its duty to mail an inventory form to "all owners of property in Dalton" by mailing a form to Dalton Hydro's predecessor-in-interest, and that failure to return a completed inventory form to the town terminated Dalton Hydro's right to appeal the board's denial of its request for abatement. The trial court, finding that the town had met its statutory obligations as to Dalton Hydro, granted the town's motion.

On appeal, Dalton Hydro raises four issues: (1) the trial court erred in granting the town's motion for summary judgment because material issues of fact existed; (2) the town had actual notice that Dalton Hydro would become the owner of the property prior to the statutory cutoff date for the mailing of inventory forms, and, thus, could not rely upon its mailing of an inventory form to American Paper to defeat Dalton Hydro's right to seek an abatement; (3) the town failed to meet its statutory obligations as to Dalton Hydro because it relied solely upon county land records to establish property ownership, despite having actual knowledge that those records were incorrect; and (4) the interpretation and application of the relevant statute by the trial court violated the Due Process Clauses of the United States and New Hampshire Constitutions.

When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. *Soraghan v. Mt. Cranmore Ski Resort*, 152 N.H. 399, 401 (2000). If our review of the evidence does not reveal any genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the trial court's decision. *Id.* We review the trial court's application of the law to the facts *de novo. Marikar v. Peerless Ins. Co.*, 151 N.H. 395, 397 (2004).

■ Pursuant to 11 U.S.C. § 541, the commencement of a bankruptcy case such as the one underlying the dispute now before us creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (2005); *see also In Re NTA, LLC*, 380 F.3d 523, 527-28 (1st Cir. 2004). Courts have interpreted § 541 to provide that "all legal or equitable interests of the debtor in property as of the commencement of the case" become "property" of the bankruptcy estate. *See In re Pasteurized Eggs Corp.*, 296 B.R. 283, 288-89 (Bankr. D.N.H. 2003); *see also Begier v. I.R.S.*, 496 U.S. 53, 59 (1990); *United States v. Shadduck*, 112 F.3d 523, 528 (1st Cir. 1997) ("Virtually all property of the debtor … becomes 'property of the estate' by operation of law …."). Thus, all property in which the debtor holds a legal or equitable interest becomes the property of the bankruptcy estate on the date the bankruptcy petition is filed. *See In re Skorich*, 332 B.R. 77, 88 (Bankr. D.N.H. 2005); *see also Sunshine Development, Inc. v. F.D.I.C.*, 33 F.3d 106, 112-13 (1st Cir. 1994). Property of the bankruptcy estate is defined broadly to include any property to which the estate has some right. *In re A & J Auto Sales, Inc.*, 223 B.R. 839, 842 (Bankr. D.N.H. 1998); *see also In re Shore Air Conditioning & Refrigeration, Inc.*, 18 B.R. 643, 646 (Bankr. D.N.J. 1982); *In re Koch*, 14 B.R. 64, 65 (Bankr. D. Kan. 1981).

RSA 74:5 requires a town's "selectmen or assessors" to mail taxpayer inventory blanks to "the last known address of all persons or corporations known or believed to own taxable property in their towns" on or before March 25 of each year. *See* RSA 74:5. When interpreting statutes, we ascribe to statutory words and phrases their usual and common meaning, unless the statute suggests otherwise. *State v. Hofland*, 151 N.H. 322, 324 (2004). When the language of a statute is clear on its face, its meaning is not subject to modification. *Id.* We will neither consider what the legislature might have said nor add words that it did not see fit to include. *Id.*

■ On February 12, 2003, the town filed a proof of claim with the bankruptcy estate seeking $226,266.47 in taxes owed on the property, for which the trustee later remitted payment in full. The town, therefore, was cognizant of the bankruptcy estate before it mailed the inventory forms on March 11, 2003, and it did not dispute the inclusion of the taxable land within that estate. We conclude, therefore, that, pursuant to RSA 74:5, the town was required to mail a taxpayer inventory blank to the trustee, as representative of the bankruptcy estate, which owned the property by operation of law as of July 3, 2002. *See* 11 U.S.C. § 541.

In light of our conclusion, we hold that the trial court's grant of summary judgment to the town was error. We, therefore, need not address Dalton Hydro's remaining three arguments.

*Reversed and remanded.*

BRODERICK, C.J., and NADEAU, DUGGAN and GALWAY, JJ., concurred.