Merrimack
No. 2008-246

## LIBERTARIAN PARTY OF NEW HAMPSHIRE

v.

## SECRETARY OF STATE

Argued: November 18, 2008
Opinion Issued: December 19, 2008

*New Hampshire Civil Liberties Union*, of Concord, for the plaintiff, filed no brief.

*Kelly A. Ayotte*, attorney general, for the defendant, filed no brief.

*Douglas, Leonard & Garvey, P.C.*, of Concord (*Charles G. Douglas, III* on the brief, and *Richard Lehmann* orally), for intervenor New Hampshire Republican State Committee.

*Finis E. Williams, III*, of Concord, on the brief and orally, and *Wadleigh, Starr & Peters*, of Manchester (*Kathleen Sullivan* on the brief), for intervenor New Hampshire Democratic Party.

GALWAY, J. The New Hampshire Republican State Committee (NHRSC) appeals a decision of the Superior Court (*Conboy*, J.) challenging the remedy fashioned by the trial court for alleged violations of RSA 654:46 (2008) by the New Hampshire Democratic Party (NHDP). We conclude that the NHRSC lacks standing and accordingly dismiss its appeal.

The record reveals the following. On July 18, 2007, RSA 654:46 went into effect. That statute required the Secretary of State, upon the request of a "party," to furnish certain lists of voting information compiled by the State to that "party." *See* RSA 654:46, I. At the time, the only entities in the state which qualified as parties were the NHRSC and the NHDP. *See* RSA 652:11 (2008) (defining "party"). On August 9, 2007, the Libertarian Party of New Hampshire (LPNH) filed a petition seeking to have RSA 654:46 declared unconstitutional, as well as preliminary and permanent injunctions preventing distribution of the State's lists to the NHRSC and the NHDP. The NHDP intervened in the matter.

The trial court held a hearing on the preliminary injunction request on August 13, 2007. The NHRSC did not participate in the proceeding. The trial court denied the injunction and its order was not appealed. Thereafter, the NHRSC and the NHDP obtained the State's lists pursuant to RSA 654:46. The NHDP sold the lists to various groups, and the NHRSC provided the list without charge to at least one other group.

On November 15, 2007, the trial court held a hearing on the merits to address the constitutionality of the statute. The NHRSC did not move to intervene and did not participate in the hearing. On November 26, 2007, the trial court issued an order finding RSA 654:46 unconstitutional. That order also was not appealed. Pursuant to the terms of the trial court's order, a hearing was scheduled to address what further relief, if any, was necessary.

On December 5, 2007, the NHRSC intervened in the matter. On February 12, 2008, the trial court held a hearing to address the issue of an appropriate remedy. The original parties to the matter, the LPNH and the State of New Hampshire, acknowledged the difficulty of crafting a remedy since the lists had already been released, but did not argue for the imposition of any particular remedy. The NHRSC argued that it would be appropriate to require the NHDP to disgorge any funds obtained by selling the lists. On February 28, 2008, the trial court issued an order preventing the NHDP and NHRSC from further distributing the lists, but did not require the NHDP to disgorge any funds. The NHRSC appeals from this order.

██ Although no party disputes the NHRSC's standing to raise the arguments it brings to this court, a party's standing is a question of subject matter jurisdiction, which may be addressed at any time. *Hughes v. N.H. Div. of Aeronautics*, 152 N.H. 30, 35 (2005). "In evaluating whether a party has standing to sue, we focus on whether the party suffered a legal injury against which the law was designed to protect." *Asmussen v. Comm'r, N.H. Dep't of Safety*, 145 N.H. 578, 587 (2000) (quotations and brackets omitted). The requirement that a party demonstrate harm to maintain a legal

challenge rests upon the constitutional principle that the judicial power ordinarily does not include the power to issue advisory opinions. *Id.* at 588.

So far as we can discern, the NHRSC argues that it has suffered injury because the NHDP made money by selling the lists and it did not, thereby placing it at a disadvantage. During oral argument before this court the NHRSC contended: "We are an injured party to the extent that we operate in this closed environment with our competitors on the Democratic side and they benefited from this conduct and that benefit is directly to our detriment. Any benefit that they received came at our expense." Any financial or political advantage potentially gained by the NHDP from selling the lists, however, is not, in any meaningful sense, an injury to the NHRSC. Moreover, while the NHRSC at times presents this as a case of unjust enrichment, casting the argument in such a way does nothing to demonstrate injury to it. Even presuming the NHDP was unjustly enriched, it was not at the expense of the NHRSC.

Additionally, the only issue on appeal is the correctness of the equitable remedy crafted by the trial court. The propriety of affording equitable relief in a particular case rests in the sound discretion of the trial court. *Foley v. Wheelock*, 157 N.H. 329, 332 (2008). "We, in turn, review an equitable order for an unsustainable exercise of discretion." *Id.* The party asserting that a trial court's order is unsustainable must demonstrate that the ruling was unreasonable or untenable to the prejudice of its case. *Id.* As the NHRSC has not suffered legal harm, we fail to see how it could show any prejudice sufficient to overturn the trial court's equitable ruling.

Finally, the NHRSC's lack of a legal harm is thrown into sharp relief by a review of the remedy it seeks. The NHRSC contends that any funds obtained by the NHDP through the sale of the lists ought to be disgorged and paid to the Secretary of State. The Secretary of State, however, opted not to pursue a financial remedy. Accordingly, the relief sought is for the benefit of another party who has chosen not to request it. *Cf. Gill v. Gerrato*, 156 N.H. 595, 599 (2007) (defendant lacked standing to assert the rights of another). In short, the NHRSC has simply not suffered any harm against which the law was designed to protect, and the remedy it seeks is incompatible with the position of the party on whose behalf it professes to be arguing. *Cf. Hughes*, 152 N.H. at 35. Accordingly, we conclude that the NHRSC lacks standing to pursue this appeal and we, therefore, dismiss it.

*Dismissed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.