Rockingham County Probate Court
No. 2009-356

LILLIAN E. BILLEWICZ & a.

v.

JOHN C. RANSMEIER & a.

Argued: May 4, 2010
Opinion Issued: November 24, 2010

146

*Kalled Law Offices, PLLC*, of Ossipee (*John P. Kalled* on the brief and orally), for the plaintiffs.

*Ransmeier & Spellman, P.C.*, of Concord (*John T. Alexander* on the brief and orally), for the defendants.

HICKS, J. Plaintiffs Lillian Billewicz; Johnathan Billewicz and Michael Billewicz, by and through Lillian Billewicz; and the Interim Trustee of their several trusts, John Kalled, appeal the decision of the Rockingham County Probate Court (*Patten*, J.) granting the motion of defendants John C. Ransmeier and Ransmeier & Spellman to dismiss the plaintiffs' petition based upon the statutes of limitation. *See* RSA 564-B:10-1005(c)(1) (2007); RSA 508:4 (2010). We affirm.

The following facts are not in dispute. Warren J. Billewicz, father to Lillian Billewicz (Lillian) and grandfather to Lillian's sons, Johnathan and Michael Billewicz, died on November 6, 1989, leaving a substantial fortune.

Attorney Robert W. Billewicz, Warren's son and Lillian's brother, was appointed trustee over several estate trusts, with Lillian and her sons as beneficiaries of five of the trusts. Lillian was suspicious of the will and trust documents produced by her brother, and in 1998 sought to have him removed as trustee. In January 1999, the probate court appointed Attorney John C. Ransmeier of Ransmeier & Spellman, P.C. to serve as Interim Trustee of the five trusts.

In August 2001, the plaintiffs, with independent counsel, filed a petition to reopen Warren Billewicz's estate, alleging Robert Billewicz had forged the will and trust documents. In the trial structuring order, dated March 22, 2002, the probate court ruled that Attorney Ransmeier, as the Interim Trustee, "need not actively participate in the hearings on the merits and motions" relating to the petition. The probate court further outlined the parties' agreement that Attorney Ransmeier's lack of participation did "not constitute a breach of any standard of conduct in fulfilling the trustee's fiduciary obligations to the various beneficiaries." On August 11, 2005, the probate court ruled that the will and trust documents were fraudulent and imposed a constructive trust upon the assets of Robert Billewicz, his trusts and the Warren Billewicz estate, for the benefit of the plaintiffs.

In 2003 and 2004, Lillian raised several complaints with the probate court about Attorney Ransmeier's service as trustee. At some point, Attorney Ransmeier requested to resign as Interim Trustee, which the probate court approved on July 1, 2003. On February 25, 2008, the plaintiffs filed a petition against the defendants alleging numerous breaches of fiduciary duty and negligence, including but not limited to failure to pursue a constructive trust and otherwise protect trust assets. In November 2008, the probate court dismissed the petition on the basis of the statutes of limitation contained in RSA 564-B:10-1005 and RSA 508:4. The probate court found that the statute of limitations in RSA 564-B:10-1005 began to run on July 1, 2003, when Attorney Ransmeier resigned as Interim Trustee.

It further found that the general statute of limitations for personal actions, RSA 508:4, barred the plaintiffs' action. Specifically, the probate court ruled:

> The plaintiff[s] knew of the actions and inactions by the trustee and of which they complained in 2003 and 2004. They had standing as beneficiaries of those trusts, with legally protectible [*sic*] and tangible interests already at stake, to pursue those complaints against their trustee. That standing and those complaints existed quite separately from any relief ultimately afforded to them by the remedy imposed when the constructive trust relief they were requesting was ultimately ordered in the underlying equity actions in 2005.

The probate court further found that the plaintiffs raised "several complaints about [Attorney Ransmeier's] service as trustee ... and made it clear, by inference if nothing else, that they would seek recovery of damages" in pleadings filed with the probate court in 2003 and 2004.

The plaintiffs moved to reconsider, arguing that the statutes of limitation should have been tolled until the probate court granted the constructive trust on August 11, 2005. They contended that they did not have standing or a ripe justiciable controversy prior to that date. They further argued that RSA 564-B:11-1104 created an exception to the application of RSA 564-B:10-1005, by providing that if its application will "substantially interfere with the effective conduct of the judicial proceedings or prejudice the rights of the parties," the court should apply "the superseded law," in this case, RSA 508:4. RSA 564-B:11-1104(a)(3) (2007).

The probate court denied the plaintiffs' motion, ruling:

> The actions presently being complained of were not conditional or contingent on the plaintiffs obtaining status as beneficiaries of the additional constructive trusts ... granted in the underlying action. The plaintiffs were already beneficiaries of the five trusts for which the defendant served as trustee. Whether they were ultimately successful in the action to obtain the imposition of constructive trusts or some determination of how much they were damaged by the actions of the third persons that led to the constructive trusts being established, did not diminish the beneficiaries [*sic*] standing or the fact that they may have had a justiciable controversy against their then trustee for his actions or inactions.

The probate court found that the plaintiffs cited no controlling authority in support of their tolling argument and refused to toll the statutes of limitation under "these factual circumstances." Finally, the probate court found that RSA 564-B:11-1104 did not provide a basis for granting the plaintiffs' motion for reconsideration. This appeal followed.

The plaintiffs argue that the probate court erred in granting the motion to dismiss by failing to distinguish Attorney Ransmeier's duties as trustee of the five trusts from his duties under the later constructive trust. They further argue that the probate court erred by applying RSA 564-B:10-1005(c)(1) rather than RSA 508:4. They also argue that they did not have "legal rights to the property in dispute" until the probate court ordered the establishment of the constructive trust on August 11, 2005. Finally, they argue that the statutes of limitation should have been tolled until August 11, 2005.

In reviewing the granting of a motion to dismiss, we normally determine whether the allegations in the plaintiffs' pleadings are reasonably susceptible of a construction that would permit recovery. *McNamara v. Hersh*, 157 N.H. 72, 73 (2008). Here, however, the defendants' motion relied upon the statutes of limitation, an affirmative defense. *See Perez v. Pike Inds.*, 153 N.H. 158, 160 (2005). RSA 508:4, I, provides that "all personal actions . . . may be brought only within 3 years of the act or omission complained of . . . ." "[T]he defendant bears the burden of proving that [the statute of limitations] applies in a given case." *Glines v. Bruk*, 140 N.H. 180, 181 (1995). The defendant meets that burden "by a showing that the action was not 'brought . . . within 3 years of the act or omission complained of.' " *Id.* (quoting RSA 508:4, I). Although RSA 508:4 provides a discovery rule exception, the plaintiffs have not raised it here. *See* RSA 508:4, I.

RSA 564-B:10-1005(c) provides, in pertinent part: "[A] judicial proceeding by a beneficiary against a trustee for breach of trust must be commenced within 3 years after the . . . removal, resignation, or death of the trustee." RSA 564-B:10-1005(c)(1). RSA 564-B:10-1005 contains no discovery rule exception. Thus, once the defendant establishes that the cause of action was not brought within the three-year period, the action should ordinarily be dismissed. *See* RSA 564-B:10-1005(c).

The probate court granted the motion pursuant to both statutes. Because the facts are not in dispute, our review is *de novo. State of N.H. v. Lake Winnipesaukee Resort*, 159 N.H. 42, 45 (2009).

*I. Standing*

The plaintiffs argue that they did not have standing to sue the defendants until August 11, 2005, when the probate court ordered the establishment of a constructive trust, because they did not have a cause of action prior to that date. The defendants counter that the plaintiffs' standing to sue as beneficiaries of the five trusts existed separately from their rights under the later constructive trust, and as beneficiaries under the five trusts, the plaintiffs had standing to sue the defendants during the statutory period.

The general rule for standing is that a party may bring suit when "the party [has] suffered a legal injury against which the law was designed to protect." *Libertarian Party of N.H. v. Sec'y of State*, 158 N.H. 194, 195 (2008) (quotation omitted). In determining standing in a motion to dismiss, the probate court must "look beyond the plaintiffs' unsubstantiated allegations and determine, based on the facts, whether the plaintiffs have sufficiently demonstrated their right to claim relief." *Johnson v. Town of Wolfeboro Planning Bd.*, 157 N.H. 94, 96 (2008) (quotation omitted). The

underlying facts are not in dispute; thus, we review the probate court's determination of the plaintiffs' standing *de novo. Id.*

■ We find no merit to the plaintiffs' argument that they had no standing to bring the action against the defendants before the probate court ordered the establishment of the constructive trust on August 11, 2005. The plaintiffs had knowledge of their allegations during Attorney Ransmeier's service as Interim Trustee. Indeed, they filed objections and complaints about his service from 2003 to 2004. Further, they had standing to bring the action as beneficiaries of the five trusts. *See* RSA 564-B:10-1002 (2007). Thus, the probate court correctly concluded that the plaintiffs had standing to bring a cause of action against the defendants when Attorney Ransmeier resigned as Interim Trustee on July 1, 2003.

*II. Justiciable Controversy*

The plaintiffs also contend that no "justiciable controversy" existed until August 11, 2005, when the probate court ordered the establishment of a constructive trust. The defendants counter that: (1) the plaintiffs knew the facts underlying their claims before the statute of limitations had elapsed; and (2) there was no legal impediment to the plaintiffs bringing suit within the limitations period.

■ The plaintiffs argue that their cause of action was not ripe until August 11, 2005, the day the court ordered the constructive trust.

> Under ripeness principles, the courts generally do not consider cases involving uncertain or contingent future matters, and it is required that there be an actual case or controversy between the parties that is sufficiently immediate and real so as to warrant adjudication.

1A C.J.S. *Actions* § 75, at 287 (2005); *cf. Petition of State of N.H. (State v. Fischer)*, 152 N.H. 205, 210 (2005) (in determining ripeness, court evaluates fitness of issue for judicial determination and hardship to the parties if court declines to consider issue).

■ In determining that the plaintiffs had standing to bring suit prior to August 11, 2005, the probate court essentially decided the ripeness issue by finding that the plaintiffs had knowledge of the "actions or inactions" of Attorney Ransmeier during his service as Interim Trustee for the five trusts. As beneficiaries, the plaintiffs had legally protected interests at stake. *See* RSA 564-B:10-1002. As the probate court found, those interests existed separately from the 2005 constructive trust. We conclude that there was an actual case or controversy between the parties that was sufficiently immediate and real so as to warrant adjudication.

*III. Statute of Limitations*

The plaintiffs argue that "if any statute of limitations applies to their action it is RSA 508:4," which applies to general personal actions. The probate court applied RSA 564-B:10-1005(c), which specifically establishes a statute of limitations for an action against the trustee of a trust, and alternatively applied RSA 508:4 to dismiss the plaintiffs' petition.

The interpretation of a statute is a question of law, which we review *de novo. Kenison v. Dubois*, 152 N.H. 448, 451 (2005). We determine the intent of the legislature as expressed in the words of the statute considered as a whole. *Id.* "When the language of a statute is clear on its face, its meaning is not subject to modification." *Dalton Hydro v. Town of Dalton*, 153 N.H. 75, 78 (2005). "We will neither consider what the legislature might have said nor add words that it did not see fit to include." *Id.*

*A. Choice of Statute*

■ The legislature enacted RSA 508:4, last amended in 1986, to create a statute of limitations on personal actions. *See* RSA 508:4. On October 1, 2004, the legislature enacted RSA 564-B:10-1005(c) to create a specific statute of limitations for actions against trustees under the Uniform Trust Code. *See* RSA 564-B:10-1005(c). A plain reading of RSA 564-B:10-1005(c) indicates that the legislature clearly intended to create a discrete statute of limitations that would apply exclusively to actions against trustees. *See Dalton*, 153 N.H. at 78.

■ The plaintiffs are suing the defendants for breach of fiduciary duty and negligence arising out of Attorney Ransmeier's capacity as trustee of the plaintiffs' five trusts. Thus, the trial court properly applied the statute of limitations applicable to actions against a trustee, RSA 564-B:10-1005.

In light of this holding, we need not address the parties' arguments regarding the application of RSA 508:4.

*B. Application of RSA 564-B:11-1104*

The plaintiffs further argue that their action is not barred under RSA 564-B:10-1005 because RSA 564-B:11-1104(a)(3) provides that any provision of the Uniform Trust Code does not apply if it "would substantially interfere with the effective conduct of the judicial proceedings or prejudice the rights of the parties." RSA 564-B:11-1104(a)(3). The plaintiffs argue that "it cannot be reasonably disputed" that their rights were substantially prejudiced when their case was dismissed, and the exception should apply here. The defendants argue that RSA 564-B:11-1104(a)(3) does not apply, and that even if it did, application of RSA 564-B:10-1005 does not prejudice the plaintiffs' rights.

RSA 564-B:11-1104(a)(3)

>applies to all judicial proceedings concerning trusts commenced *before* its effective date unless the court finds that application of a particular provision of this chapter would substantially interfere with the effective conduct of the judicial proceedings or prejudice the rights of the parties, in which case the particular provision of this chapter does not apply and the superseded law applies.

*Id.* (emphasis added). Understandably, the legislature did not want to "prejudice the rights of the parties" who had already commenced judicial proceedings at the time the Uniform Trust Code took effect. *Id.* However, RSA 564-B:11-1104(a)(2) states that the Uniform Trust Code "applies to all judicial proceedings concerning trusts commenced *on or after* its effective date." RSA 564-B:11-1104(a)(2) (2007) (emphasis added). This is the applicable provision.

The effective date of the Uniform Trust Code was October 1, 2004. *See* RSA 564-B:1-101 (2007). The plaintiffs filed their petition against the defendants on February 25, 2008. Since the plaintiffs' action was brought after the effective date of the statute, RSA 564-B:10-1005 applies. *See* RSA 564-B:11-1104(a)(2).

### C. Prospective v. Retrospective Application

The plaintiffs also contend that RSA 564-B:10-1005 should only apply prospectively, because the statute affects substantive rights.

When a statute is silent about whether it "should apply prospectively or retrospectively, our interpretation turns on whether the statute affects the parties' substantive or procedural rights." *In the Matter of Donovan & Donovan*, 152 N.H. 55, 63 (2005). There is a presumption that a statute will be construed prospectively when it affects substantive rights. *Id.* However, this presumption is reversed when the statute is remedial in nature or affects only procedural rights. *Eldridge v. Eldridge*, 136 N.H. 611, 613 (1993). Here, the statute is not silent. *See* RSA 564-B:11-1104. It clearly states that the Uniform Trust Code "applies to all judicial proceedings concerning trusts commenced on or after its effective date." RSA 564-B:11-1104(a)(2). Since the plaintiffs' petition against the defendants was brought after the statute's effective date, the plaintiffs' action is barred under RSA 564-B:10-1005. *See id.*

### D. Tolling

The plaintiffs argue that the statute of limitations should have been tolled pending the resolution of their petition against Robert Billewicz seeking

the constructive trust. They argue that that proceeding ultimately made them beneficiaries under the constructive trust, which in turn gave them standing to bring their petition against the defendants. The defendants argue that the plaintiffs' action against Robert Billewicz did not involve Attorney Ransmeier or his firm and asserted entirely different claims than are alleged in this case; therefore, the probate court properly refused to toll the statute of limitations.

RSA 564-B:10-1005 does not provide any tolling mechanism. *See* RSA 564-B:10-1005. Even assuming, however, that the statute may be tolled, we find no merit to the plaintiffs' argument that the statute of limitations should have been tolled pending the resolution of the constructive trust petition against Robert Billewicz. As we concluded above, the plaintiffs had standing to bring their petition against the defendants prior to the establishment of the constructive trust. Further, with agreement of the plaintiffs, the defendants were not parties to the action against Robert Billewicz and were excused from all the proceedings. We find nothing in the facts of this case that would support tolling the statute.

*IV. Conclusion*

We hold that the probate court correctly barred the plaintiffs' claim under RSA 564-B:10-1005. In light of this holding, we need not address the parties' substantive arguments about the defendants' duties to the plaintiffs. We have reviewed the plaintiffs' remaining arguments and hold that they lack merit and warrant no further discussion. *Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and CONBOY, JJ., concurred.