Merrimack
No. 2010-469

JOEL M. HARRINGTON

v.

METROPOLIS PROPERTY MANAGEMENT GROUP, INC. & a.

Submitted: June 9, 2011
Opinion Issued: September 22, 2011

Joel M. Harrington, by brief, *pro se.*

*Craig, Deachman & Amann PLLC*, of Manchester (*W. John Deachman* on the brief), for respondent Metropolis Property Management Group, Inc.

LYNN, J. The petitioner, Joel Harrington, appeals an order of the Superior Court (*Smukler*, J.) granting the motion to dismiss of respondent Metropolis Property Management Group, Inc. (Metropolis). We affirm.

The following facts are drawn from the trial court's order and the record, or are otherwise undisputed. On May 27, 2005, the petitioner entered into a residential lease for an apartment at Hollis Commons Apartments in Concord. The lease agreement required the petitioner to pay a security deposit of $875 to be held "until the termination of Lessee's occupancy." The petitioner entered into two lease renewals, the first in May 2006 renewing the lease for one year, and another in June 2007. The second renewal called for a term commencing on July 1, 2007, and ending "60 days after written notice has been given." (Emphasis omitted.) The original lease agreement and both lease renewals identified "Hollis Commons Apartments, LLC" as the lessor.

Metropolis is a property management company that manages the Hollis Commons Apartments. The petitioner dealt directly with Metropolis in matters related to the apartment and lease, including his entry into the lease agreement and payment of rent.

In August 2006, Lily Carson moved into the apartment unit above the petitioner's. She had a dog. The petitioner documented increased noise levels at the apartment after Carson moved in and complained many times to Metropolis's representatives about the noise.

On a few occasions, a representative from Metropolis spoke with Carson about these complaints and the noise subsided for a short period. Eventually, after continued complaints, Metropolis offered the petitioner another apartment in the complex, but the petitioner declined the offer because he determined that it was unacceptable. Metropolis later offered the petitioner a right of first refusal on any other unit that became available in the complex and to pay his moving expenses. The petitioner declined this offer as well.

By letter dated August 6, 2009, the petitioner, through counsel, informed Metropolis of his intention to vacate the apartment no later than September 6, 2009. He followed through in vacating the premises. Metropolis later informed the petitioner by letter, dated September 28, 2009, that his

security deposit would not be returned for failure to provide sixty days' notice in advance of vacating the apartment, as required by the lease.

The petitioner filed an action against Metropolis and Carson, raising numerous common law and statutory claims. He later amended his lawsuit to add a claim that Metropolis had wrongfully retained his security deposit. The petitioner settled his claims against Carson before trial.

Slightly more than one month before trial, the petitioner filed a motion seeking to add Hollis Commons Apartments, LLC, and/or Hollis Commons, LLC as parties. The trial court denied the motion and conducted a bench trial on the merits. At the close of the petitioner's evidence, Metropolis moved to dismiss the case, and after taking the motion under advisement, the trial court granted it on all counts. The petitioner moved for reconsideration, and Metropolis objected, also requesting attorney's fees. The petitioner objected to Metropolis's request for attorney's fees and responded with his own request for fees. The trial court denied both the petitioner's motion for reconsideration and the parties' cross-motions for attorney's fees. This appeal followed.

The petitioner first argues that the trial court erred in dismissing his claim for the return of his security deposit. He claims that, by operation of certain provisions of RSA chapters 540 and 540-A, the lease term requiring sixty days' notice to terminate the tenancy is null and void, that he was only required to give thirty days' notice to terminate the lease, and that he is entitled to the return of his security deposit, plus statutory damages. The petitioner's argument misapprehends the statutes.

Resolution of the petitioner's argument requires us to review the trial court's interpretation of sections of RSA chapters 540 and 540-A. The interpretation of a statute is a question of law, which we review *de novo*. *Billewicz v. Ransmeier*, 161 N.H. 145, 151 (2011). We determine the intent of the legislature as expressed in the words of the statute considered as a whole. *Id.* When the language of a statute is clear on its face, its meaning is not subject to modification. *Id.* Further, we will neither consider what the legislature might have said nor add words that it did not see fit to include. *Id.*

RSA 540:11 (2007) provides that "[a] lessee may terminate his lease by notice in writing, in the same manner as the lessor, and the notice shall have the same effect for all purposes as a notice by the lessor to the lessee." RSA 540:3, II (2007) states, in pertinent part, that for residential tenancies, "30 days' notice shall be sufficient in all cases" for eviction. RSA 540:28 (2007) provides that "no lease or rental agreement . . . shall contain any provision by which a tenant waives any of his rights under [RSA chapter 540], and any such waiver shall be null and void." According to the petitioner, the application of the lease term requiring sixty days' notice would constitute

a waiver of his purported statutory right as a tenant to give only thirty days' notice under RSA 540:3, II, and thus the term is null and void pursuant to RSA 540:28. We disagree.

■ RSA 540:3, II addresses eviction notices issued by lessors, as evidenced by its title and context. The use of the term "sufficient" in the statute connotes that the legislature intended that thirty days be the *minimum* period of time necessary for such notice. *See Havington v. Glover*, 143 N.H. 291, 294 (1998) (holding that lessor's seven-day notice to quit did not comply with RSA 540:3, II, and that lease term allowing for such notice was null and void under RSA 540:28); *Carey v. Dunne*, 95 N.H. 303, 305 (1948) (holding that notice given on May 24 to vacate by July 1 satisfied former statute stating that "notice equal to the rent period shall be sufficient" where rent period was monthly).

■ Even assuming, without deciding, that RSA 540:11, calling for termination by the lessee to be "in the same manner as the lessor," mandates application of the minimum thirty-day notice requirement for evictions under RSA 540:3 to lease termination by lessees, the petitioner's argument fails. If a lessor must give a *minimum* of thirty days' notice to the lessee before terminating a lease, then it would follow that the lessee must similarly give a *minimum* of thirty days' notice to the lessor for termination to be "in the same manner." Nothing in RSA chapter 540 prevents parties to a lease from agreeing to a longer notice period than that provided by the statute to secure *greater* protection for themselves. Because the lease term requiring sixty days' notice to terminate the lease does not conflict with the provisions of RSA chapter 540, as argued by the petitioner, it is enforceable.

■ Consequently, we reject the petitioner's argument that Metropolis has violated RSA chapter 540-A by withholding his security deposit. Although the petitioner relies on RSA 540-A:6 to argue that Metropolis wrongly withheld his security deposit, RSA 540-A:7 provides Metropolis with statutory grounds to apply the security deposit towards the petitioner's unpaid rent for the final thirty days of the lease term. *See* RSA 540-A:7, II (2007).

The petitioner next argues that the trial court erred in dismissing his claim that Metropolis violated his statutory right to quiet enjoyment. *See* RSA 540-A:2 (2007). In particular, the petitioner contends that (1) in ruling that Metropolis did not willfully violate his right to quiet enjoyment, the trial court relied on an incorrect factual determination as to when Metropolis offered the petitioner a new apartment, and (2) the trial court errone-

ously shifted the burden of proof to the petitioner when it found that there was no loss of use of the premises. We disagree.

RSA 540-A:2 (2007) provides that "[n]o landlord shall willfully violate a tenant's right to quiet enjoyment of his tenancy . . . ." Here, the trial court ruled that the petitioner failed to sustain his burden of showing a violation of the covenant of quiet enjoyment in two respects: (1) he failed to show that Metropolis willfully violated his right to quiet enjoyment; and (2) he did not prove a loss of use of the premises.

The petitioner argues that the trial court relied on a mistaken finding of fact regarding when Metropolis offered him a different apartment. However, based on our review of the record and the trial court's order, we find no misapprehension of fact by the trial court. Rather, the trial court described Metropolis's numerous efforts to address the petitioner's complaints, including talking to both Carson and the petitioner about his noise complaints, offering to move the petitioner into a different apartment in the complex, and later to grant him a right of first refusal on any available unit in the complex. Moreover, the evidence shows that the trial court's recitation of Metropolis's efforts does not evince any misunderstanding of the underlying facts. Accordingly, the petitioner has failed to demonstrate that the trial court erred in its ruling that the petitioner failed to establish a willful violation of the covenant of quiet enjoyment. Accordingly, we need not reach the petitioner's argument on the trial court's loss of use ruling.

Next, the petitioner argues that the trial court erred in finding that Metropolis was not a party to the lease agreement, and thus dismissing his contract claims. Although the lease agreement and renewals all show "Hollis Commons Apartments, LLC" as the lessor and either the petitioner or the petitioner and his wife as the lessees, the petitioner contends that Metropolis must be considered a party to the agreement.

In its analysis of the petitioner's statutory claims, the trial court determined that Metropolis was a proper respondent to those claims because "landlord," as defined in RSA 540-A:1 and :5, includes agents of the lessor. The petitioner argues that because the trial court determined that, in this sense, Metropolis was a "landlord," and because BLACK'S LAW DICTIONARY states that a "[l]andlord" is "[a]lso called 'Lessor,' " Metropolis was a lessor and thus a party to the lease agreement.

The petitioner's argument misconstrues both the trial court's order and New Hampshire statutory law. Both RSA 540-A:1 and :5 limit the application of the definitions therein to RSA chapter 540-A. *See* RSA 540-A:1, :5 (2007). The trial court's determination that Metropolis was a landlord under RSA chapter 540-A has no bearing on the petitioner's contract claims, and the petitioner is mistaken in claiming that, under the

trial court's order, the "Defendant, as agent of the lessor, is, by definition, the landlord" in all respects. The petitioner has failed to demonstrate a viable legal basis for the conclusion that because Metropolis was the lessor's agent, it was thus a party to the lease.

Next, the petitioner argues that the trial court erred in denying his motion to add Hollis Commons Apartments, LLC, as a respondent. Assuming, without deciding, that this issue was properly preserved, the argument also fails.

■ The decision of the trial court to deny a motion to amend will not be overturned absent an unsustainable exercise of discretion. *See Thomas v. Telegraph Publ'g Co.*, 155 N.H. 314, 320 (2007). Just over a month before trial, the petitioner moved to add parties and to extend discovery deadlines. The petitioner's motion implied that it was prompted by new information discovered in a deposition days before, yet Hollis Commons Apartments, LLC was listed as the lessor on the lease and on both renewals. Under these circumstances, we cannot conclude that the trial court unsustainably exercised its discretion in denying the motion to amend the complaint. *See id.* at 320-21 (affirming trial court's denial of motion to add parties on grounds of unnecessary delay and surprise).

■ We decline to consider any new arguments raised by the petitioner in his reply brief that are not responsive to the respondent's brief. *See Panas v. Harakis & K-Mart Corp.*, 129 N.H. 591, 617 (1987) (holding that reply brief may be employed only to reply to opposing party's brief, and not to raise entirely new issues).

Finally, the respondent asks that we award it attorney's fees under Supreme Court Rule 23 and RSA 490:14-a (2010) for having to respond to this appeal on the basis that it is entirely without merit and frivolous. We deny the request.

*Affirmed.*

DALIANIS, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.