NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

6th Circuit Court – Concord Probate Division
No. 2012-749


IN RE THERESA HOULAHAN TRUST

Argued: January 9, 2014
Opinion Issued: August 22, 2014


Marcus Hurn, of Concord, by brief and orally, for the petitioner.


Cleveland, Waters and Bass, P.A., of Concord (David W. Rayment and Mark S. Derby on the brief, and Mr. Rayment orally), for the respondent.


Terrence Houlahan, self-represented party, by brief.


BASSETT, J. The petitioner, Thomas Houlahan, appeals a decision of the Circuit Court (Hampe, J.) denying his motion for summary judgment and granting respondent Maureen Brown's cross-motion for summary judgment.* We affirm in part, reverse in part, and remand.

The record supports the following facts. In 1993, John Houlahan and his wife, Theresa Houlahan, established the "Theresa M. Houlahan Revocable

_____

* Prior to oral argument, the parties filed, and we subsequently granted, an assented-to motion to change the case record to reflect that Terrence Houlahan has replaced Maureen Brown as successor trustee of the John F. Houlahan 1997 Revocable Trust.

Trust of 1993" (the Theresa Trust). The Theresa Trust contained the marital home, located at 12 Pine Hill Road in New London. John was named successor trustee of, and granted certain powers over, the Theresa Trust. Upon the deaths of Theresa and John, the real property was to be distributed to their son, the petitioner.

Theresa died in 1996. In 1997, John established the "John F. Houlahan 1997 Revocable Trust" (the John Trust), as part of a plan to provide for the management of a part of his property for his own benefit during his lifetime and for its disposition after his death. John named his daughter, the respondent, as successor trustee. In November 2002, John conveyed the real property in New London by deed to himself, as trustee of the John Trust. John died on September 10, 2009. Under the terms of the John Trust, "[a]ny interest this trust may have in any real estate" was to be distributed in equal shares to four of his children: the petitioner, the respondent, John F. Houlahan, Jr., and Terrence B. Houlahan.

In January 2011, the petitioner filed a "Petition for Injunction" in the trial court seeking, among other things, an order that the property in New London be returned to the Theresa Trust and that the respondent, as successor trustee of the John Trust, be enjoined from making any attempt to dispose of the property. The claim was based upon Article 10 of the New Hampshire Uniform Trust Code (UTC). See RSA 564-B:10-1001 et seq. (2007 & Supp. 2013). In her answer, the respondent raised several affirmative defenses, including the statute of limitations.

In December 2011, the petitioner filed a motion for summary judgment, claiming that there was "no genuine issue of material fact" that John's "actions in his capacity as Trustee violated the terms of [the Theresa Trust] and specific provisions of the Uniform Trust Code." He asserted that John violated fiduciary duties required by statute, including the duty to "administer [the Theresa Trust] 'in accordance with its terms and purposes and the interests of the beneficiaries,'" see RSA 564-B:8-801 (2007), and "to 'administer, invest and manage the trust and distribute the trust property solely in the interests of the beneficiaries,'" see RSA 564-B:8-802(a) (2007).

The respondent objected and filed a cross-motion for summary judgment. In her objection, she argued that there are "numerous disputed issues of material fact regarding the conduct of the late John F. Houlahan." Her cross-motion alleged, among other things, that the petitioner's action was time-barred under RSA 564-B:10-1005(c)(2) and (3) because his interest in the Theresa Trust terminated in November 2002 "when its sole asset was removed from the trust in the form of what was, in essence, a liquidating distribution as to Thomas Houlahan's interest," thereby triggering the three-year statute of

2

limitations, which expired in November 2005.  See RSA 564-B:10-1005(c)(2)-(3) (2007) (amended 2011).

Following a hearing, the trial court denied the petitioner's motion for summary judgment, finding that "there are many disputed issues of material fact" that could not be decided on the pleadings, including "whether John Houlahan transferred the real estate in question out of [the Theresa Trust] for the support of himself and/or Thomas Houlahan as he was permitted to do under the trust."  The court granted the respondent's cross-motion for summary judgment, concluding that the action was barred by the statute of limitations.  The court stated:

> While the relief sought in the petition is return of real estate, the petition is in essence alleging breach of fiduciary duty by the decedent acting as trustee.  The petitioner alleges that the prior trustee, John F. Houlahan, acted improperly in transferring the real estate to himself on or about November 12, 2002.  The transfer of the real estate effectively terminated the trust and terminated Thomas Houlahan's interest in the trust.  Therefore, [pursuant] to RSA 564-B:10-1005(c)(2) and (3), Thomas Houlahan was required to bring his action within 3 years which he failed to do.

On appeal, the petitioner argues that the trial court erred in granting the respondent's motion for summary judgment on the ground that the transfer of the real estate in 2002 effectively terminated the trust and the petitioner's interest in the trust.  He asserts that "[w]hen John breached his fiduciary duties, the trust gained an additional asset– a cause of action against John or his estate," and, thus, "[n]either [the petitioner's] beneficial interest nor the trust was terminated by John's conveyance."  The respondent argues that the petitioner's "contingent interest in the Theresa Trust terminated [in 2002], when John Houlahan made a liquidating distribution and recorded the deed divesting the Theresa Trust of its sole asset," and that "[t]his ended the entire purpose of the trust and/or terminated [the petitioner's] specific contingent interest in it."

For the purposes of this appeal we assume, without deciding, that the applicable statute of limitations is the three-year period set forth in the UTC.  See RSA 564-B:10-1005(c) (2007) (amended 2011); see also Billewicz v. Ransmeier, 161 N.H. 145, 151 (2010) (in enacting the UTC, the legislature intended to create a discrete statute of limitations that applies exclusively to actions against trustees).  The interpretation of a statute is a question of law, which we review de novo.  Ransmeier, 161 N.H. at 151.  "We determine the intent of the legislature as expressed in the words of the statute considered as a whole.  When the language of a statute is clear on its face, its meaning is not subject to modification."  Id. (citation and quotation omitted).  "We will neither

consider what the legislature might have said nor add words that it did not see fit to include." Id. (quotation omitted).

Pursuant to RSA 564-B:10-1005 in effect at the time the petitioner filed this action,

> a judicial proceeding by a beneficiary against a trustee for breach of trust must be commenced within 3 years after the first to occur of:
>
> (1) the removal, resignation, or death of the trustee;
>
> (2) the termination of the beneficiary's interest in the trust; or
>
> (3) the termination of the trust.

RSA 564-B:10-1005(c).

In reviewing the trial court's grant of summary judgment, we consider all evidence presented in the record, and all inferences properly drawn therefrom, in the light most favorable to the nonmoving party. See City of Concord v. State of N.H., 164 N.H. 130, 133 (2012). Because the petitioner appeals from the trial court's grant of the respondent's motion for summary judgment, we must take as true his allegation that John, as trustee of the Theresa Trust, breached his fiduciary duty by transferring the real estate to himself as trustee of the John Trust. Thus, when John transferred the real estate out of the Theresa Trust in 2002, a claim for breach of fiduciary duty against the trustee came into existence. As explained by the Restatement (Third) of Trusts:

> If a trust is created and subsequently the whole of the trust property ceases to exist, the trust is terminated because the trustee no longer holds anything in trust. If, however, there remains so much as a claim against the trustee or another on behalf of the beneficiaries, the claim constitutes trust property that continues to be held in trust for the beneficiaries.

Restatement (Third) of Trusts, § 2, comment i, at 23 (2003). As the Reporter's Notes to section 2 state, a trustee's obligation to a trust constitutes an asset of the trust estate, and if "that obligation is the only asset of a trust estate for some period, no practical difficulty is presented and there appears to be no justification for insisting that the trust ceases to exist for lack of property." Id. at 35.

That a cause of action may constitute property of a trust is supported by RSA 564-B:1-103(11) (Supp. 2013), which defines "property" for purposes of

the UTC as "anything that may be the subject of ownership, whether real or personal, legal or equitable, or any interest therein." See 7C Unif. Trust Code § 103, 7C U.L.A. 417 (2006) ("[t]he definition of 'property' . . . is intended to be as expansive as possible . . . . Included are choses in action . . . . Any such property interest is sufficient to support creation of a trust."). Furthermore, one of the remedies available when a trustee breaches a duty owed to the beneficiaries is to compel the trustee to restore property to the trust. RSA 564-B:10-1001(b)(3) (2007). This contemplates that the trust will continue in existence in order for property wrongfully removed by the trustee to be restored to it.

We conclude that the Theresa Trust did not terminate in 2002, and neither did the petitioner's interest therein. The Theresa Trust provides, in pertinent part, that upon the death of John, the trust estate shall be apportioned as follows: the real property to Thomas G. Houlahan, and the remainder of the trust estate in two equal shares to Thomas G. Houlahan and Terrence B. Houlahan. Thus, even if one were to consider the chose in action held by the trust after the transfer of the real estate in 2002 as personalty rather than realty, the petitioner would still have had a beneficial interest in the trust following that transfer. The three-year statute of limitations began to run, therefore, upon the trustee's death on September 19, 2009. RSA 546-B:10-1005(c)(1). Accordingly, we reverse the trial court's ruling to the contrary.

We note that the respondent argues that the trial court had other grounds upon which to dismiss the case as untimely. For example, she argues that "even if the Trial Court was mistaken about the dismissal pursuant to RSA 564-B:10(c)(2) and (3), dismissal was proper because the claim below was, in both form and substance, a claim against the late John Houlahan that was never commenced and otherwise violated the limitations periods set forth in RSA 556." Because we limit our decision to an interpretation of RSA 564-B:10-1005(c), we leave it to the trial court to address in the first instance the respondent's argument that the court reached the correct result on mistaken grounds. See Ojo v. Lorenzo, 164 N.H. 717, 728 (2013).

The petitioner also argues that the trial court erred in denying his motion for summary judgment, asserting that "[o]n the admitted facts John's action was prima facie a violation of his duty as trustee" and that "[n]one of the asserted justifications for John's actions raise a material issue of fact." The respondent argues that the trial court's ruling is correct because there are disputed issues of material fact regarding whether John's actions constituted a breach of his fiduciary duty, including, among other things, "whether John Houlahan made disbursements from the Theresa Trust to provide direct and indirect support for himself and for [the petitioner]." Considering the evidence in the record before us, and all inferences drawn therefrom, in the light most favorable to the nonmoving party, City of Concord, 164 N.H. at 133, it is readily

apparent that the trial court's finding, that there are "many disputed issues of material fact" that cannot be decided on the pleadings, was not erroneous. Accordingly, we affirm its denial of the petitioner's motion for summary judgment and remand the case for further proceedings consistent with this opinion.

<u>Affirmed in part; reversed in part; and remanded</u>.

DALIANIS, C.J., and HICKS and LYNN, JJ., concurred.