**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0193, <u>22 Lenox Avenue, LLC v. Town of Derry</u>, the court on May 8, 2015, issued the following order:**

Having considered the briefs of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case.  The petitioner, 22 Lenox Avenue, LLC, appeals an order of the Superior Court (<u>Wageling</u>, J.) dismissing the petitioner's appeal of the denial of its site plan application by the planning board for the respondent, the Town of Derry (Town).  We affirm.

The trial court's order recites, or the record establishes, the following facts.  The petitioner's .854-acre lot in Derry is the site of a single-family dwelling.  The property is located in the Medium High Density Residential Zoning District, which permits, among other kinds of dwellings, multi-family dwellings.  The petitioner plans to construct a duplex, in addition to the single-family dwelling now on the property.  To accomplish this purpose, the petitioner acquired, from an abutter, property to meet the frontage requirement for multi-family dwellings.  The petitioner also submitted a lot line adjustment proposal and a site plan to the planning board for its review and approval.  On April 3, 2013, the planning board approved the lot line adjustment.  However, at its April 3 meeting, the planning board questioned whether the proposed duplex constituted a "multi-family dwelling" within the meaning of the Town's ordinance and whether the petitioner's site plan violated section 165-8 of the ordinance, which provides:  "Only one residential building or dwelling shall be situated on a lot."  In May 2013, the petitioner sought an opinion from the Town's code enforcement officer, who opined that section 165-8 did not apply to the Medium High Density Zoning District (the district in which the petitioner's property is located).

Nonetheless, after visiting the site, the planning board voted on May 15, 2013, to deny the petitioner's site plan application.  The planning board's written decision stated that the board had denied the application, in part, because it disagreed with the code enforcement officer's interpretation of the zoning ordinance and because the board was not convinced that "this is an allowable use under the existing zoning."

On June 14, 2013, the petitioner appealed the planning board's decision to the superior court.  The Town moved to dismiss the appeal, arguing that:  (1) the petitioner had failed to exhaust its administrative remedies with respect to the planning board's two zoning-related reasons for denying the site plan

application because the petitioner failed to appeal those reasons to the Town's zoning board of adjustment (ZBA); (2) the planning board's interpretation of the zoning ordinance was correct; (3) the petitioner waived its assertion that the planning board's decision was tainted by bias by failing to make this claim earlier; (4) its bias claim was unfounded; and (5) to the extent that the petitioner argued that the planning board was equitably estopped from denying the site plan application, the petitioner had failed to prove equitable estoppel.

In January 2014, the trial court granted the Town's motion to dismiss, addressing in its narrative order only the exhaustion of administrative remedies argument and bias. With regard to exhaustion of remedies, the trial court determined that, because the planning board based its decision, in part, upon its interpretation of the zoning ordinance, the petitioner was required to appeal the planning board's decision first to the ZBA before appealing to the superior court. See RSA 676:5, III (2008); see also Atwater v. Town of Plainfield, 160 N.H. 503, 509 (2010) (explaining that "when a planning board makes a decision applying or interpreting a zoning ordinance, that decision must be appealed to the zoning board of adjustment"). The trial court rejected the petitioner's assertion that the code enforcement officer's May 2013 letter was a final determination that, if the planning board disagreed with it, had to be appealed by the planning board to the ZBA. As the court explained, "There is nothing in the statute to indicate [that] the planning board is required to appeal decisions of zoning officials." The court also disagreed with the petitioner's contention that the code enforcement officer's letter was binding upon the ZBA, observing that, in fact, his decisions are appealable to the ZBA. See RSA 674:33, I(a) (Supp. 2014).

With regard to the petitioner's claim of bias, the trial court concluded that the petitioner had waived such a claim by raising it for the first time in its motion for reconsideration filed with the planning board. See Bayson Properties v. City of Lebanon, 150 N.H. 167, 171 (2003) ("A party claiming bias on the part of a planning board member must raise that issue before the board at the earliest possible time."). Alternatively, the court concluded that the petitioner failed to demonstrate that the planning board was biased against, or had prejudged, the project. The petitioner unsuccessfully moved for reconsideration, and this appeal followed.

After accepting the appeal, we issued the following order to the parties:

> The petitioner appeals an order of the superior court dismissing its appeal of a planning board decision on the basis that, because the planning board decision was based upon the terms of the zoning ordinance, and because the petitioner had not appealed to the zoning board of adjustment under RSA 676:5, III, the appeal was not properly filed under RSA 677:15, I. The superior court relied upon Atwater v. Town of Plainfield, 160 N.H.

503 (2010), a case construing the terms of RSA 676:5, III and RSA 677:15, I, as they then existed.

Effective August 31, 2013, while this case was pending in the superior court, and one day after the respondent moved to dismiss, the legislature amended RSA 677:15 to provide, in relevant part:

> If, upon an appeal to the superior court under this section, the court determines, on its own motion within 30 days after delivery of proof of service of process upon the defendants, or on motion of any party made within the same period, that any matters contained in the appeal should have been appealed to the board of adjustment under RSA 676:5, III, the court shall issue an order to that effect, and shall stay proceedings on any remaining matters until final resolution of all matters before the board of adjustment. Upon such a determination by the superior court, the party who brought the appeal shall have 30 days to present such matters to the board of adjustment under RSA 676:5, III. Except as provided in this paragraph, no matter contained in the appeal shall be dismissed on the basis that it should have been appealed to the board of adjustment under RSA 676:[5], III.

RSA 677:15, I-a(b) (Supp. 2014); see Laws 2013, 179:2. The superior court's order did not apply this provision, but applied RSA 677:15, I, as it existed at the time the case was filed.

Although statutes are generally presumed to operate prospectively, the presumption is reversed, and the statute may be applied to cases pending at the time of enactment, if it is remedial or procedural in nature. Billewicz v. Ransmeier, 161 N.H. 145, 152 (2010).

On or before January 27, 2015, the respondent shall file a memorandum of law, not to exceed ten pages, addressing whether RSA 677:15, I-a applies retroactively, and its effect, if any, upon this case. On or before February 17, 2015, the petitioner may file a memorandum of law, not to exceed ten pages, responding to the respondent's memorandum.

Although the Town filed a memorandum addressing the issue substantively, the petitioner declined the court's invitation to do so. The petitioner stated that

3

its "appeal has never been about the planning board's authority to question a zoning interpretation as permitted by RSA 677:15 or RSA 676:5(III)." Rather, the petitioner argued, "[t]his case asks . . . when are questions raised by a planning board untimely; and . . . whether the force and effect of these statutes authorize the planning board to overturn an administrative official interpretation made by the Town's chief zoning official." Under these circumstances, we consider any argument that the petitioner might have had that RSA 677:15, I-a applies retroactively to this case to be waived.

On appeal, the petitioner reiterates the arguments it made in the trial court. As the appealing party, the petitioner has the burden of demonstrating reversible error. See Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the superior court's well-reasoned order, the petitioner's challenges to it, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. See id.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**

4