**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0165, <u>Matthew Patch v. Mark Patch</u>, the court on October 27, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The petitioner, Matthew Patch, appeals an order of the Superior Court (<u>Bornstein</u>, J.) denying his motion to modify an arbitration award and granting the motion of the respondent, Mark Patch, to confirm the award.  The petitioner argues that the arbitrator misconstrued the arbitration agreement, and that the superior court erred in failing to correct the error.

The parties are brothers, each of whom owns 50 percent of Walhowdon Farm, Inc., a commercial farming operation.  The record shows that the parties' estrangement led to an impasse in corporate governance and years of litigation.  In 2015, the parties agreed to divide the farm's assets into two shares as determined by an arbitrator.

After five hearings over a period of ten months, and after reviewing the parties' numerous exhibits, the parties' chosen arbitrator issued a final award dividing the farm's assets.  The arbitrator first noted that each party had proposed receiving "a lion's share" of the property, with the other party receiving "only a fraction of the total acreage."  The arbitrator concluded that neither proposal was fair or equitable.  The arbitrator acknowledged that both parties "want to – and need to – live independent of the other," and found it "imperative" that they "separate geographically so that they need not live and work in close proximity to one another."  To accomplish this goal, the arbitrator generally allocated the lands accessed by Churchill Way to the petitioner and the lands accessed by Walhowdon Way to the respondent.  The arbitrator awarded the apple operation assets to the petitioner and the dairy operation assets to the respondent.  The final allocation awarded a total of 270 acres to the petitioner, 76 acres more than the acreage awarded to the respondent.  However, the land awarded to the petitioner is less valuable per acre, and the petitioner received a much smaller share of the farm's other assets.  According to the petitioner's calculation, he received approximately 27 percent of the farm's total value, while the respondent received approximately 73 percent.  To equalize this disparity, the arbitrator required the respondent to pay the petitioner an "equalization payment" of $579,366.26, including approximately

$325,000 from the sale of most of the cow herd, which was awarded to the respondent.

The petitioner first argues that the arbitration agreement does not allow for such a disproportionate allocation of the farm's assets. We have held that parties to an arbitration have agreed to accept the arbitrator's view of the facts and interpretation of the contract. Appeal of Merrimack County, 156 N.H. 35, 40 (2007). Accordingly, we will not reject the arbitrator's interpretation of the agreement simply because we may disagree with it. Id.

In his brief, the petitioner does not propose an alternative allocation that would have been fair and equitable without a substantial equalization payment. Instead, he argues that the arbitrator should have simply divided the farm into equal shares by value. In support of his position, the petitioner relies upon paragraph 2(c)(i) of the agreement, which defines the issue to be addressed at the preliminary allocation hearing as follows: "The sole issue shall be the allocation of assets and liabilities between the [parties], based on their values, and any subsidiary issues necessary to accomplish a fair and equitable allocation." The preceding section of the agreement defines the scope of the arbitrator's authority more broadly. Paragraph 1(a) provides that the arbitrator "shall allocate the [farm's] assets on a fair and equitable basis, after receiving evidence and position memoranda from the parties relating to which assets each would like, the appropriateness of allocating specific assets to one or the other party, the value of the assets, and such other matters as the parties wish to submit." The arbitrator interpreted this language to allow for a fair and equitable allocation of assets, not simply an allocation of assets into two shares of equal value. The superior court concluded that the arbitrator's award was based upon a reasonable interpretation of the parties' agreement.

At the outset, we address the respondent's argument that the petitioner, in his brief, waived any right to appeal the award under the standard set forth in the arbitration statute. RSA 542:8 (2007) provides that any party to an arbitration "may apply to the superior court for an order confirming the award, correcting or modifying the award for plain mistake, or vacating the award for fraud, corruption, or misconduct by the parties or by the arbitrators, or on the ground that the arbitrators have exceeded their powers." In his brief, the petitioner argues that "RSA 542:8 does not apply" because the parties "opted out of RSA 542:8" by specifying a different standard of review in paragraph 7 of their arbitration agreement. In his reply brief, however, the petitioner argues, in the alternative, that the arbitrator's decision constitutes "plain mistake" under RSA 542:8. Generally, we do not consider arguments raised for the first time on appeal in a reply brief. Harrington v. Metropolis Property Management Group, 162 N.H. 476, 481 (2011). Assuming, without deciding, that the petitioner did not waive his right to appeal under RSA 542:8, we cannot conclude that the arbitrator's award constitutes plain mistake, even if the farm

assets could have been equitably divided without a substantial equalization payment.

Paragraph 7 of the parties' agreement specifies that "[a]ll decisions of the Arbitrator shall be final and unappealable, except for fraud, misconduct or clerical error." The petitioner argues that the arbitrator's "knowing violation" of his duty to allocate shares equally based upon their value constitutes misconduct. We are not persuaded that the term "misconduct," as used in the agreement, should be interpreted so broadly. However, even under this standard, we find no basis to disturb the arbitrator's award because we agree with the superior court that the parties' agreement did not require the arbitrator to divide the farm into equal shares by value. See Appeal of Merrimack County, 156 N.H. at 40.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**

3