**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0228, <u>Weston J. Stow v. Robert P. McGrath & a.</u>, the court on March 8, 2018, issued the following order:**

The plaintiff's motion to strike is granted in part and denied in part. To the extent that the plaintiff seeks to strike his "open letter to the media," the motion is granted. Otherwise, it is denied.

Having considered the briefs, the memorandum of law, and the portions of the record properly provided on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Weston J. Stow, appeals an order of the Superior Court (<u>Tucker</u>, J.) dismissing his action against the defendants, Robert P. McGrath, Christopher Kench, and the commissioner of the New Hampshire State Prison, for failure to state a claim upon which relief may be granted. He contends that the trial court erred by: (1) denying his motion to recuse; and (2) dismissing with prejudice his claims that the defendants should be "removed from their positions, [and] prosecuted for criminal offenses and for violating prison Policy and Procedure Directives." To the extent that the plaintiff argues that the trial court mis-applied the law to his retaliation claim, this issue is not properly before us. The plaintiff voluntarily non-suited that claim, and he raises the issue for the first time in his reply brief. <u>See</u> <u>Harrington v. Metropolis Prop. Mgmt. Grp., Inc.</u>, 162 N.H. 476, 481 (2011) (declining to consider arguments raised for the first time in reply brief).

We first address whether the trial court erred in denying the motion to recuse. The only allegations of judicial bias that the plaintiff makes are that the trial court: (1) dismissed his claims that the defendants should be fired and criminally prosecuted with prejudice; (2) misapplied the law; and (3) failed to make specific findings of fact and rulings of law in response to his request in his motion for reconsideration. We note that the trial court issued a nine-page narrative order, articulating its reasoning and authorities.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>State v. Bader</u>, 148 N.H. 265, 271 (2002) (quoting <u>Liteky v. United States</u>, 510 U.S. 540, 551, 555 (1994)). The plaintiff does not contend that the trial court's rulings showed a deep-seated favoritism or antagonism that would make fair judgment impossible. <u>See</u> <u>Bader</u>, 148 N.H. at 271. Nor does he contend that Judge Tucker had pecuniary interests in the outcome, had become

personally embroiled in criticism from a party before him, had heard evidence in secret at a prior proceeding, or was related to a party. Id. at 270 (identifying grounds for per se disqualification).

Upon this record, we cannot conclude either that a reasonable person would have questioned Judge Tucker's impartiality or that any factors that would have per se disqualified Judge Tucker were present. See id. at 268-71.

We next address whether the trial court erred in dismissing some of the plaintiff's claims with prejudice. As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id.

Affirmed.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

2